IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BROOKE PEARCE, *as next friend of* U.V., *a minor,* | )( )( )( |
| *Plaintiff,* | )( )( |
| V. | )( Civil Action No.:18-cv- )( |
| NICHOLAS CHASE CUNNINGHAM; SOPHIA PEREZ HEATH; JIMMY TONY SANCHEZ; and FBI AGENT DOE *in his individual capacity,* **Defendants** | )( )( )( )( )( )( )( |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff BROOKE PEARCE, as next friend of U.V., a minor, complaining of NICHOLAS CHASE CUNNINGHAM; SOPHIA PEREZ HEATH; JIMMY TONY SANCHEZ; and FBI AGENT DOE, in his individual capacity ("Defendants" collectively herein), and would respectfully show as follows:

### INTRODUCTION

1. Twelve-year-old U.V. was living with his father Ulises Valladares in their home in Conroe, Texas. U.V. was the only child of Ulises Valladares, and Ulises Valladares was his only living parent. The child's mother had recently passed away on March 14th 2017.

2. On January 24, 2018, two assailants entered the home of U.V. and demanded information on the whereabouts of U.V.'s uncle—Ulises Valladares's brother, Ernesto Valladares. U.V. and his father were both bound and gagged with duct tape. The intruders then grabbed U.V.'s father,

still bound, took him from the home and left U.V. behind still restrained, however, U.V. was able to break free and immediately contacted law enforcement by 911. U.V. frantically explained what happened to himself and his father over the phone and soon law enforcement arrived at the home to investigate and try to locate the whereabouts of his kidnapped father.

3.   As the investigation continued, the FBI was contacted to assist the Montgomery County Sheriff's Office in the investigation. The next day the team was able to locate Ulises. Ulises was in a house, with a woman, Sonya Perez Health, and children, and still tied-up. Officers for the MCSO and FBI Agent Doe approached the home, guns drawn, and confirmed that Ulises was in the home.

4.   FBI agent Doe pointed his gun into a window, he had broken, without entering, U.V.'s father recognized that some unidentified person was aiming a gun at him and tried to avoid being shot, however, FBI Agent Doe pulled the trigger killing Ulises. Mortally wounded Ulises' was found still bound from the kidnapping, and U.V. lost his father, exactly one year after losing his mother.

5.   U.V. is now being raised of his loving sister, and sole managing conservator[1], Brooke Pearce, and brings this suit on his behalf.

**PARTIES**

6.   Plaintiff, Brooke Pearce, as next friend of U.V. is a resident of Harris County.

7.   Defendant, FBI Agent Doe is a resident of Texas and can be served with process whenever he is identified.

---

[1] A Sole Managing Conservator has the exclusive right to make most decisions about the child. After mediation, on September 7, 2018, with CPS, Ernesto Valladares, the parties entered into mediation agreement making Pearce U.V.'s Sole Managing Conservator, and Ernesto Valladares the Possessory Conservator, with no rights in the decision making of the U.V.

8. Defendant, Nicholas Chase Cunningham is a resident of Montgomery County and can be served with process at the Montgomery County jail at #1 Criminal Justice Drive, Conroe, TX 77301 or wherever he is found.

9. Defendant, Sophia Perez Heath is a resident of Montgomery County and can be served with process at the Montgomery County jail at #1 Criminal Justice Drive, Conroe, TX 77301 or wherever she is found.

10. Defendant, Jimmy Tony Sanchez is a resident of Montgomery County and can be served with process at the Montgomery County jail at #1 Criminal Justice Drive, Conroe, TX 77301 or wherever he is found.

## JURISDICTION AND VENUE

11. Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1346(b), as this cause arises under the laws of the United States providing for the protection of Civil Rights, and may be enforced against all Defendants, herein named, through Fourteenth Amendment.

12. Venue is proper pursuant to 18 U.S.C. § 1391 in Southern District of Texas Houston Division.

## FACTUAL ALLEGATIONS

13. On January 24, 2018, 47-year-old Ulises Valladares was with his young son twelve-year-old son U.V. at his home when two intruders entered their home demanding the whereabouts of his brother, Ernesto Valladares, for an alleged debt owed.

14. In order to gain Ernesto's attention, the intruders tied up Ulises Valladares, and his son U.V. with duct tape. The intruders, Nicholas Chase Cunningham, and Jimmy Tony Sanchez,

kidnapped Ulises by gunpoint, and took a few valuables, leaving his young son tied up in the house.

15. U.V. was able to break free of the restraints and call authorities to report the kidnapping. Ernesto, the victim's brother, who Ulises had allowed to live in the home, received a ransom call from a man who claimed to have connections to the Gulf cartel. The call was traced and Montgomery County Sheriff, Conroe Police, Houston Police, Harris County and FBI all responded. The collaborative effort of the different agencies allowed the kidnappers to be located at a hotel. Ulises was located soon thereafter. He was found still restrained in the back room to a house with children, and a women.

16. On January 25, 2018 in the pre-dawn hours, flash-bang grenades were tossed in the home where Ulises, the victim, was located. FBI agent Doe approached the house first, along with the Montgomery County deputies , broke a window of the house, and then FBI Agent Doe placed his gun through the window. None of the officers identified themselves as officers nor allowed Mr. Valladares to identify himself. As FBI Agent Does' gun was pointed at him, Ulises tried to avoid being shot by the unidentified person holding the gun through the window.

17. FBI agent Doe fired his weapon at Ulises who died of the gunshot wound at the hospital later that day.

## CLAIMS

### COUNT ONE: BIVENS ACTION AGAINST FBI AGENT DOE

20. Plaintiffs adopt and incorporate by reference each and every factual allegation in the preceding paragraphs as though fully set forth herein.

21. 42 U.S.C. Section 1983 does not apply to federal government actions. The Supreme Court has recognized, however, that monetary damage claims can be brought under the Fourth Amendment for illegal search and seizure in a line of cases starting with *Bivens v. Six Unknown Fed. Narcotics* Agents, 403 U. S. 388 (1971). Plaintiff brings a claim against FBI Agent Doe for illegal search and seizure under the Fourth Amendment, and wrongful death.

### COUNT TWO: FALSE IMPRISONMENT, ASSAULT AND BATTERY, NEGLIGENCE, GROSS NEGLIGENCE, WRONGFUL DEATH AGAINST NICHOLAS CHASE CUNNINGHAM, SOPHIA PEREZ HEATH and JIMMY TONY SANCHEZ

22. Plaintiffs adopt and incorporate by reference each and every factual allegation in the preceding paragraphs as though fully set forth herein.

23. Plaintiff brings claims for false imprisonment, assault and battery, negligence, gross negligence and wrongful death against Nicholas Chase Cunningham, Sonia Perez Heath and Jimmy Tony Sanchez.

### DAMAGES

24. Plaintiffs adopt and incorporate by reference each and every factual allegation in the preceding paragraphs as though fully set forth herein.

25. Plaintiffs seek all damages allowed by law as a result of the aforementioned conduct forming the basis for each of Plaintiffs' causes of action. Plaintiffs request damages within the jurisdictional limits of the Court.

26. Upon the trial of this cause, it will be shown that Ulises Valladares sustained serious, permanent injuries, and ultimately death, and Plaintiffs incurred serious damages. The damages sustained by Ulises Valladares and the Plaintiffs were proximately caused by the Defendants as

set forth herein. Plaintiffs respectfully request the Court determine the amount of the loss Ulises Valladares and the Plaintiffs have incurred in the past and will incur in the future.

27. There are certain elements of damages provided by law that Plaintiffs are entitled to have the court in this case separately consider determining the sum of money for each element that will fairly and reasonably compensate the Plaintiff.

28. Plaintiffs are further entitled to reasonable attorneys' fees and costs in pursuing this matter, and any other reasonable and necessary damages as allowed 42 U.S.C 1988.

## REQUEST FOR RELIEF

29 Plaintiffs seek judgment in their favor and against Defendants and ordering the Defendants to pay all damages, jointly and severally, recoverable under law to the Plaintiff, including the following:

a. Compensatory damages

b. loss of enjoyment of life,

c. emotional pain,

d. physical pain & suffering

e. Physical Impairment

f. mental anguish,

g. loss of the society, association, and companionship of friends and family,

h. loss of the parent-child relationship,

i. deprivation of legal rights,

j. loss of earning capacity;

k. disfigurement;

l.      death;

m.    Punitive damages;

n.     Pre-judgment interest;

o.     Post-judgment interest;

p.     Costs of suit and fees as allowable by law;

q.     Attorneys' fees under 42 U.S.C. § 1988;

r.      Expert fees under 42 U.S.C. § 1988;

s.      loss of financial and emotional support

t.      Any other such relief as is deemed just and proper.

## PRAYER

30     WHEREFORE, PREMISES CONSIDERED, Plaintiff, Brooke Pearce, as next friend of U.V. respectfully pray that Defendants, be summoned to appear and answer herein, and that upon a final hearing of this cause, that judgment be entered for the Plaintiffs and against Defendants, both jointly and severally, for all damages requested herein, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which Plaintiffs may possibly be entitled at law or in equity. Punish each individual Defendant, and deter others from engaging in similar conduct;

1.     Plaintiff asserts that the death of Ulises Valladares was the result of government actors, individually, and collectively caused the death and harm suffered was the result of Defendants' conduct motivated by evil motive or intent or done recklessly or with callous deliberate indifference to the federally protected rights of Ulises Valladares, and hereby entitle Plaintiff to punitive and exemplary damages.

Respectfully submitted,
THE LEWIS LAW GROUP, PLLC.

By: /S/U.A. Lewis
U. A. Lewis
State Bar No. 24076511
U.S. Southern District of Texas Bar No.: 1645666
P. O. Box 27353
Houston, TX 77227
Telephone: (713)570-6555
Facsimile: (713) 581-1017
LEAD ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:

Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:(713) 320-3785
FAX: (713) 893-6737
Email: AttorneyKallinen@aol.com
Attorney for Plaintiff