United States District Court
Southern District of Texas
**ENTERED**
January 06, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BROOKE PEARCE, as next of friend of U.V., a minor, and JUSTINA GARCIA, | § § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § § | Civil Action No. 4:18-cv-3196 |
| FBI AGENT DOES, *in their individual capacity,* NICHOLAS CHASE CUNNINGHAM; SOPHIA PEREZ HEATH; JIMMY TONY SANCHEZ; DELIA GUALDINA VELASQUEZ; and THE UNITED STATES, | § § § § § § § § § | |
| *Defendants.* | § | |

## STIPULATED PROTECTIVE ORDER

Upon consideration of an Agreed Motion for Approval of Stipulated Protective Order, Plaintiffs and Defendant United States (the "parties") hereby stipulate to and petition the Court to enter this Stipulated Protective Order ("Order").

1.      For the purposes of this Order, "Protected Information" shall be the name of the individual identified as FBI Agent Doe in paragraphs 31 and 44 of  Plaintiffs' Second Amended Original Complaint, as well as other information that reveals or tends to reveal FBI Agent Doe's identity.  Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States to disclose FBI Agent Doe's name to Plaintiffs' counsel.

**Stipulated Protective Order - Page 1**

2.      Except as otherwise ordered by this Court or provided herein, Protected Information may be disclosed only to the following persons: (a) attorneys of record for the Plaintiffs in this case; (b) any persons regularly in the employ of, or persons contracted to perform services for attorneys of record for, the Plaintiffs to the extent reasonably necessary for the prosecution of this action; (c) attorneys of record for the United States in this case and any attorneys who may represent FBI Agent Doe in this case; (d) persons regularly in the employ of such attorneys to the extent reasonably necessary to render professional services in this case; (e) employees of federal agencies as deemed necessary by counsel for the United States; and (f) this Court and its support personnel who are involved in this case.

3.      Except as provided herein, no person having access to Protected Information shall make any disclosure of Protected Information without further order of the Court.

4.      Except as provided herein, no person having access to Protected Information pursuant to paragraph 2 (a)-(b) above shall use or disclose Protected Information for any purpose other than prosecuting this action. "Prosecuting this action" does not include contacting FBI Agent Doe directly or indirectly in any manner, except through counsel for the United States or counsel who may represent FBI Agent Doe in this case.. Attorneys of record for Plaintiffs and any persons regularly in the employ or contracted to perform services for attorneys of record for Plaintiffs may not disclose the Protected Information to Plaintiffs.

5.      Except for the individuals described in paragraph 2 (c)-(f) above, all individuals to whom Protected Information is disclosed shall be informed of and shall agree with the terms of this Order; shall not disclose or use the Protected Information except in compliance with this Order; and shall, before receiving Protected Information, acknowledge their agreement to

**Stipulated Protective Order - Page 2**

comply with this Order by signing a copy of the attached acknowledgment form.  A copy of each such acknowledgment form must be provided promptly after its execution to counsel for the United States.

6.      Each party reserves the right to move to modify the terms of this Order at any time, and each party reserves the right to oppose any motion to modify this Order.

7.      Any documents, briefs, or other materials containing Protected Information shall be filed publicly with FBI Agent Doe's name redacted, or otherwise concealed through the use of the FBI Agent Doe pseudonym, and with other information that reveals or tends to reveal FBI Agent Doe's identity also redacted.

8.      As a supplement to the public filing of any documents, briefs, or other materials concealing Protected Information through the use of a pseudonym or redactions, a party may file under seal said briefs, documents, or other materials containing the Protected Information without concealment. Neither Plaintiffs, the United States, or any other litigant or third party may use Protected Information in open Court, orally or through documents, without first obtaining the written consent of the Department of Justice or an order from the Court ruling that the Protected Information is relevant and may be publicly disclosed.

9.      Except as provided herein, within ninety (90) days of the conclusion of this case (including any appeals), documents, discovery requests, discovery responses, transcripts, and other materials, and all copies thereof, containing Protected Information must be destroyed by persons in possession of such materials containing Protected Information. Within ninety (90) days of the conclusion of this case (including any appeals), Plaintiffs' counsel and any other person in possession of documents, discovery requests, discovery responses, transcripts, or other

**Stipulated Protective Order – Page 3**

materials containing Protected Information must certify in writing that said items, and all copies

thereof, containing Protected Information have been destroyed.  Within ninety (90) days of the

conclusion of this case (including any appeals), Plaintiffs' counsel and any other person in

possession of documents, discovery requests, discovery responses, transcripts, or other materials

containing Protected Information must also certify in writing that any documents they or their

attorneys or agents have created which contain Protected Information derived solely from those

protected documents, discovery requests, discovery responses, transcripts, or other materials

have been destroyed. Notwithstanding the foregoing provisions of this paragraph, no person is

required to destroy any document that has been publicly filed with this Court or with a court of

appeals of competent jurisdiction in connection with this case; further, this paragraph does not

apply to the United States, its employees, its attorneys, or persons hired or in the employ of its

attorneys; or to this Court or its support personnel.

      10.    Neither the United States nor any of its officers, employees, or attorneys shall

bear any responsibility or liability under the Privacy Act for any unauthorized disclosure of any

Protected Information obtained under this Order.

      11.    This Order does not constitute any ruling on the question of whether any

particular document or category of information is properly discoverable and does not constitute

any ruling on any potential objection to the discoverability, relevance, or admissibility of any

document or information. Nor does this Order constitute any ruling on the question of whether

the United States may withhold any particular document or category of information on the

basis of privilege.

      12.    This Order does not apply to any information or documents other than

**Stipulated Protective Order - Page 4**

the Protected Information as defined in paragraph 1.


SO ORDERED.

Dated: January 6, 2020

Kenneth M. Hoyt
United States District Judge

**Stipulated Protective Order - Page 5**