IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BROOKE PEARCE, as next of friend of U.V., a minor, and JUSTINA GARCIA, | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § § | Civil Action No. 4:18-cv-3196 |
| FBI AGENT DOES, *in their individual capacity*, NICHOLAS CHASE CUNNINGHAM; SOPHIA PEREZ HEATH; JIMMY TONY SANCHEZ; DELIA GUALDINA VELASQUEZ; and THE UNITED STATES, | § § § § § § § § § | |
| *Defendants*. | § | |

**DEFENDANT UNITED STATES' ANSWER TO PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT**

Defendant United States ("Defendant"), by and through its undersigned counsel, answers Plaintiff's Second Amended Original Complaint ("Complaint") as follows:

**INTRODUCTORY FACTS**

1.  Regarding the allegations in paragraph 1, Defendant admits that the FBI received information indicating that, on January 24, 2018, Nicholas Chase Cunningham and Jimmy Tony Sanchez entered the home of Ulises Valladares, age 47; that Mr. Valladares's twelve-year old son, U.V., was present in the home; that the intruders demanded information about the whereabouts of Mr. Valladares's brother, Ernesto Valladares; that Ulises Valladares's wrists were bound with tape; and that U.V. was bound. Defendant otherwise lacks knowledge or

1

information sufficient to form a belief as to the truthfulness of the allegations in paragraph 1 and, on this basis, denies the allegations.

2. Defendant admits that the FBI received information consistent with the allegations in the first sentence of paragraph 2. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in the second sentence of paragraph 2 and, on this basis, denies the allegations.

3. Regarding the first sentence of paragraph 3, Defendant admits that the FBI was contacted to assist Conroe police in the investigation and denies the remaining portion of this allegation. Regarding the second sentence of paragraph 3, Defendant admits that the FBI was able to locate Ulises Valladares inside a house. The allegations in the second sentence of paragraph 3 are otherwise denied. Regarding the third sentence of paragraph 3, the Defendant admits that information was received that Ulises Valladares was being detained inside a house. The allegations in the third sentence of paragraph 3 are otherwise denied. Regarding the fourth sentence of paragraph 3, the Defendant admits that FBI personnel, who were armed, advanced toward the house where Ulises Valladares was believed to be located. The allegations in the fourth sentence of paragraph 3 are otherwise denied.

4. Regarding the first sentence of paragraph 4, to the extent "[a]n FBI Agent" refers to the individual identified as "FBI Agent Doe" in paragraph 31, it is admitted that FBI Agent Doe fatally wounded Ulises Valladares in connection with the FBI's efforts to rescue Mr. Valladares. It is further admitted that FBI Agent Doe was located outside the room where Mr. Valladares was located, and that FBI Agent Doe's firearm was discharged through a window. The allegations in the first sentence of paragraph 4 are otherwise denied. Regarding the second sentence of paragraph 4, the FBI admits that Ulises Valladares was fatally wounded in connection with the FBI's efforts to rescue him. Defendant otherwise lacks knowledge or

information sufficient to form a belief as to the truthfulness of the allegations in the second sentence of paragraph 4 and, on this basis, denies the allegations.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 5 and, on this basis, denies the allegations.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 6 and, on this basis, denies the allegations.

7. As of the date of the filing of the Complaint, the FBI had determined the identity of the individual who fatally wounded Ulises Valladares. Thus, Defendant denies the allegations in paragraph 7.

8. Regarding the first sentence of paragraph 8, Defendants admits that, in October 2018, Art Acevedo, the Police Chief of the Houston Police Department, was quoted in the press as saying, among other things, "The sequence of events as it relates to how that shooting occurred is not supported by the totality of the evidence and the statements in this investigation." The allegations in the first sentence of paragraph 8 are otherwise denied. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in the second sentence of paragraph 8 and, on this basis, denies the allegations.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 9 and, on this basis, denies the allegations.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 10 and, on this basis, denies the allegations.

11. The allegations in paragraph 11 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

## PARTIES

12. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 12 and, on this basis, denies the allegations.

13. Regarding the first sentence of paragraph 13, Defendant admits that the individual identified as "FBI Agent Doe" in paragraph 31 fatally wounded Ulises Valladares in connection with the FBI's efforts to rescue Mr. Valladares. The allegations in the first sentence of paragraph 13 are otherwise denied. The allegations in the second sentence of paragraph 13 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 14 and, on this basis, denies the allegations. Defendants admits the allegations in the first sentence of footnote 2. Regarding the second sentence of footnote 2, Defendants admits that the criminal proceedings against Sophia Perez Heath, Jimmy Tony Sanchez, and Delia Gualdina Velasquez are ongoing. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in the second sentence of footnote 2 and, on this basis, denies the allegations

15. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 15 and, on this basis, denies the allegations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 16 and, on this basis, denies the allegations.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 17 and, on this basis, denies the allegations.

18. The allegations in paragraph 18 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

## JURISDICTION AND VENUE

19. The allegations in paragraph 19 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

## ADDITIONAL FACTUAL ALLEGATIONS

20. Defendant admits that U.V. is the son of Ulises Valladares. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 20 and, on this basis, denies the allegations.

21. Defendant admits that the FBI received information consistent with the allegations in paragraph 21.

22. Regarding the allegations in paragraph 22, Defendants admits that the FBI received information indicating that Ulises Valladares's wrists were bound with tape, and U.V. was bound, in connection with the invasion of Ulises Valladares's home on January 24, 2018. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 22 and, on this basis, denies the allegations.

23. Defendant admits that the FBI received information consistent with the allegations in paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 24 and, on this basis, denies the allegations.

25. Defendant admits that the FBI received information consistent with the allegations in paragraph 25.

26. Regarding the allegations in paragraph 26, Defendant admits that it received information indicating that Ulises Valladares had a brother named Ernesto who lived in the house with Ulises Valladares; and that, after Ulises Valladares was kidnapped, Ernesto received

a ransom call.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 26 and, on this basis, denies the allegations.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in the first sentence of paragraph 27 and, on this basis, denies the allegations.  Regarding the second and third sentences of paragraph 27, Defendant admits that the FBI assisted the Conroe Police Department with the effort to rescue Ulises Valladares; that individuals involved in the kidnapping were determined to be at a hotel; and that Ulises Valladares was ultimately located at a house.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in the second and third sentences of paragraph 27 and, on this basis, denies the allegations.

28. Defendant admits that Ulises Valladares was ultimately located in a house, and that other adults and minors were present in the house   Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 28 and, on this basis, denies the allegations.

29. Defendant admits that, the early morning of January 25, 2018, in connection with the FBI's efforts to rescue Ulises Valladares, the FBI deployed flash bang devices at the house where Ulises Valladares was located.

30. Defendant admits that, along with other FBI personnel, the individual identified as "FBI Agent Doe" in paragraph 31, among other things, approached the house where Ulises Valladares was located.  Defendant further admits that FBI Agent Doe, among other things, broke a window of the house in connection with the FBI's efforts to rescue Ulises Valladares.

31. Regarding the allegations of paragraph 31, Defendant admits that, in connection with the FBI's efforts to rescue Ulises Valladares, FBI Agent Doe, following the breaking of the window, discharged FBI Agent's Doe's firearm and fatally wounded Ulises Valladres.  It is

6

further admitted that Ulises Valladares was found to be bound. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 31 and on that basis, denies the allegation. Defendant denies the allegations in footnote 3.

32-38. Regarding the allegations in paragraphs 32-38, Plaintiff attempts to characterize the autopsy, dated January 25, 2018, which speaks for itself. To the extent the allegations in paragraph 32-38 are inconsistent with the autopsy, the allegations are denied.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 39 and, on this basis, denies the allegations.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in paragraph 40 and, on this basis, denies the allegations.

41. Regarding the first sentence of paragraph 41, Defendant admits that Justina Garcia, by counsel, submitted to the FBI an administrative claim under the Federal Tort Claims Act, and that the FBI received the administrative claim on or about April 9, 2019. The allegations in the first sentence of paragraph 41 are otherwise denied. The Complaint does not include or attach "Exhibits 1 and 2," and the allegations of the second sentence of paragraph 41 are thus denied.

## CLAIMS

### COUNT ONE: BIVENS ACTION AGAINST FBI AGENT DOE

42. Count One is not asserted against Defendant, and thus no answer is required. To the extent an answer is required, Defendant incorporates by reference its responses to paragraph 1-41.

43. Count One is not asserted against Defendant, and thus no answer is required. Further, the allegations in paragraph 43 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

44. Count One is not asserted against Defendant, and thus no answer is required. Further, the allegations in paragraph 44 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

### COUNT TWO: FALSE IMPRISONMENT, ASSAULT & BATTERY, NEGLIGENCE, GROSS NEGLIGENCE, WRONGFUL DEATH AGAINST NICHOLAS CHASE CUNNINGHAM, SOPHIA PEREZ HEATH, JIMMY TONY SANCHEZ & AGENT DOE

45. Count Two is not asserted against Defendant, and thus no answer is required. To the extent an answer is required, Defendant incorporates by reference its responses to paragraph 1-44.

46. Count Two is not asserted against Defendant, and thus no answer is required. Further, the allegations in paragraph 46 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

### COUNT THREE: WRONGFUL DEATH

47. Defendant incorporates by reference its responses to paragraphs 1-46.

48-53. If Plaintiffs intended to bring a state law wrongful death claim against Defendant, the Court lacks subject-matter jurisdiction to the extent any allegation of wrongful death is not covered by Plaintiffs' Count Four under the Federal Tort Claims Act. If an answer is deemed to be required to paragraphs 48-53, Defendant denies the allegations in paragraphs 48-53.

### COUNT FOUR: FEDERAL TORT CLAIMS ACT

54. Defendant incorporates by reference its responses to paragraphs 1-53.

55. The allegations in paragraph 55 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

## SURVIVAL CLAIM

56. Regarding the first sentence of paragraph 56, Defendant incorporates by reference its responses to paragraphs 1-55. The allegations in the second sentence of paragraph 56 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

57. The allegations in paragraph 57 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

58. The allegations in paragraph 58 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

59. Defendant denies the allegations in paragraph 59.

## DAMAGES

60. Defendant incorporates by reference its responses to paragraphs 1-59.

61. The allegations in paragraph 61 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. The allegations in paragraph 64 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

65. The allegations in paragraph 65 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

66. The allegations in paragraph 66 are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

## REQUEST FOR RELIEF

67. The allegations in paragraph 67, including subparagraphs a-t, are not statements of fact to which an answer is required. To the extent an answer is required, Defendant denies the allegations.

In further response to the Complaint, Defendant avers as follows:

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over some or all of the claims asserted against Defendant. If Plaintiffs intended to bring a state law wrongful death claim (Count Three) against Defendant, the Court lacks subject-matter jurisdiction to the extent any allegation of wrongful death is not covered by Plaintiffs' Count Four under the Federal Tort Claims Act.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

No negligent or wrongful act of Defendant or any of its employees or agents while acting in the scope of their employment was the actual or proximate cause of, or in any way contributed to, the injuries, damages or losses allegedly sustained by the Plaintiffs.

## FOURTH DEFENSE

Any injury, damage or loss suffered by Plaintiffs was actually and proximately caused by the independent, intervening and superseding negligent acts or omissions of one or more third parties.

## FIFTH DEFENSE

Plaintiffs' damages, if any, must be reduced by any amounts attributable to the failure of Plaintiffs to use reasonable means to mitigate their damages.

## SIXTH DEFENSE

Except as otherwise provided by or governed by Federal law, Defendant may only be held liable to the same extent as a private person in accordance with the laws of the State of

Texas, and subject to the above exception, liability and damages are limited in accordance with the statutory and common law of the State of Texas.

### SEVENTH DEFENSE

Defendant is entitled to any offset or credit for any and all benefits or collateral benefits paid or payable to or for Plaintiff(s) for his/her injuries, damages or losses that were paid or are payable directly or indirectly by Defendant.

### EIGHTH DEFENSE

If Defendant is found liable, which Defendant expressly denies, Plaintiffs are limited to the amount set forth in their administrative claims. *See* 28 U.S.C. § 2675(b).

### NINTH DEFENSE

Defendants is not liable for prejudgment interest or punitive damages. *See* 28 U.S.C. § 2674.

### TENTH DEFENSE

Sovereign immunity bars Plaintiffs from recovering attorneys' fees. Attorney's fees are governed by statute. 28 U.S.C. § 2678.

### ELEVENTH DEFENSE

All future damages must be reduced to present value.

### TWELFTH DEFENSE

Plaintiffs are not entitled to a jury trial. *See* 28 U.S.C. § 2402.

### THIRTEENTH DEFENSE

Plaintiffs' cause of action is subject to, and limited by, the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

### FOURTEENTH DEFENSE

This Court lacks subject matter jurisdiction over any claims not asserted in the administrative tort claim. *See* 28 U.S.C. § 2675(a).

### FIFTEENTH DEFENSE

To the extent that Plaintiffs allege negligence or fault on the part of anyone who is not an

employee of the United States acting with the scope of their office or employment, or who were independent contractors, this Court lacks subject matter jurisdiction.

**SIXTEENTH DEFENSE**

The claims are barred insofar as they challenge an act or omission of a Government employee exercising due care in the execution of a statute or regulation. *See* 28 U.S.C. § 2680(a).

**SEVENTEENTH DEFENSE**

The claims are barred insofar as they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. *See* 28 U.S.C. § 2680(a).

**EIGHTEENTH DEFENSE**

Defendant asserts that, to the extent that the law (common or statutory) of Texas, where the alleged acts or omissions occurred, limits damages, reduces damages or limits Defendant's liability or Plaintiffs' cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the FTCA. 28 U.S.C. § 2672.

**NINETEENTH DEFENSE**

Defendant asserts that, if it is determined that the Defendant was negligent, which is expressly denied, and that such negligence was a proximate cause of or contributed to Plaintiffs' alleged injuries and damages, which the United States also denies, in accordance with the doctrine of comparative negligence, the United States may be held liable only for its proportionate share of the fault, if any. Tex. Prac. & Rem. Code §§ 33.001 & 33.012.

**TWENTIETH DEFENSE**

Defendant is not liable, if at all, to the extent that Plaintiffs' injuries were caused or aggravated, in whole or in part, by Plaintiffs' own negligent acts or omissions, including, but not limited to Plaintiffs' failure to use the care and caution that reasonably prudent persons would use under the same or similar circumstances.

Any allegation contained in the Complaint which has not been specifically and expressly admitted by Defendant is denied. Defendant reserves the right to amend this Answer and to assert additional defenses that may be revealed during discovery.

WHEREFORE, Defendant prays for judgment as follows:

1. That judgment be entered for the Defendant and against Plaintiffs;

2. That Plaintiffs' Complaint and action be dismissed in its entirety;

3. That the Defendant be awarded its costs and disbursements in this action; and

4. That Defendant be awarded such other and further relief as this Court may deem appropriate.

Respectfully Submitted,

RYAN K. PATRICK
United States Attorney

By: *s/ Chad W. Cowan*
CHAD W. COWAN
Assistant United States Attorney
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
PH: (713) 567-9569, FX: (713) 718-3303
Alabama Bar No. ASB-5272-C54C
Texas Bar No. 24082540
Southern District No. 938890

**ATTORNEY FOR DEFENDANT UNITED STATES OF AMERICA**

## **CERTIFICATE OF SERVICE**

      I, Chad W. Cowan, do hereby certify that a true and correct copy of foregoing Answer to Plaintiffs' Second Amended Original Complaint was forwarded via electronic filing on this January 23, 2020.

                                      / s/ **Chad W. Cowan**
                                      CHAD W. COWAN
                                      Assistant United States Attorney