IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BROOKE PEARCE,** *as next friend of* **U.V.,** *a minor, and* **JUSTINA GARCIA,** )( )( )( *Plaintiffs,* )( )( **V.** )( )( **FBI AGENT DOE,** *in his individual capacity,* )( **NICHOLAS CHASE CUNNINGHAM;** )( **SOPHIA PEREZ HEATH;** )( **JIMMY TONY SANCHEZ;** )( **DELIA GUALDINA VELASQUEZ;** and )( **THE UNITED STATES,** )( )( *Defendants.* )( | **Civil Action No.:4:18-cv-3196** **(Jury Trial for Bivens)** **(Bench Trial for FTCA)** |

## PLAINTIFFS' THIRD AMENDED COMPLAINT

**TO THE HONORABLE KENNETH M. HOYT:**

NOW COME Plaintiffs BROOKE PEARCE, as next friend of U.V., a minor, and JUSTINA GARCIA and file this third amended complaint "as a matter of course" pursuant to FRCP 15 complaining of FBI AGENT DOE, in his individual capacity, NICHOLAS CHASE CUNNINGHAM; SOPHIA PEREZ HEATH; JIMMY TONY SANCHEZ; DELIA GUALDINA SANCHEZ, and the UNITED STATES ("Defendants" collectively herein),and would respectfully show as follows:

### INTRODUCTORY FACTS

1. On January 24, 2018, 47-year-old Ulises Valladares was with his twelve-year-old son U.V. at his home when two assailants, Nicholas Chase Cunningham and Jimmy Tony

1

Sanchez, entered the home and demanded information on the whereabouts of Ulises's brother, Ernesto Valladares, in an effort to carry out the plan contrived by Delia Velasquez and Sonya Heath. Ulises and U.V. were both bound and gagged with duct tape.

2. The intruders then grabbed Ulises, still bound, and took him from home and left U.V. behind still restrained, however, U.V. was able to break free and go to the neighbors where law enforcement was called. U.V. frantically explained what happened to his father over the phone, and soon law enforcement arrived at the home to investigate and try to locate the whereabouts of his kidnapped father.

3. As the investigation continued, the FBI was contacted to assist Conroe police and the Montgomery County Sheriff's Office in the investigation. The next day the FBI was able to locate Ulises when the kidnappers demanded a ransom by telephone. Ulises was in a house, alone, and still tied-up. FBI agents approached the home, guns drawn, and confirmed that Ulises was in the home.

4. FBI Agent Doe[1] pointed his gun into a window, without entering, and shot and killed Ulises. Ulises lifeless body was still bound from the kidnapping.

5. Defendant United States has refused all Plaintiffs' efforts to provide any documents in this case including statements, reports, ballistics, or any other document.

6. Ulises Valladares's only living parent, Justina Garcia, was devastated when the news about the death of her son reached her in Honduras.

---

[1] The pseudonym of the FBI agent required by the Protective Order who shot and killed Ulises Valladares.

7. Justina made arrangements for his body to be sent home for his funeral and burial; this was the last time she was able to see her son.

8. As of this instant filing—two years later—neither the FBI or the United States has identified the killer to the public.

9. After the killing, the FBI fabricated a story that the bound[2] kidnapping victim Ulises was to blame in some bizarre, convoluted fashion, however, Houston Police Chief Acevedo revealed months later that the FBI's story was *"not supported"* by HPD's independent investigation. HPD has refused, however, to make their report public despite requests.

10. In a study involving 228 FBI shootings since 2011, no FBI shooting where a death occurred has the FBI found fault with itself. Plaintiffs allege several of these shootings were not justified.

11. U.V.'s sister, Brooke Pearce, is now raising U.V.

12. Plaintiffs bring this case under *Bivens v. Six Unknown Named Agents,* 403 US 388 (1971) and state tort law. Justina Garcia, additionally, brings a claim under the Federal Tort Claims Act. 28 U.S.C. § 1346.

## PARTIES

13. Plaintiff Justina Garcia is a resident of Honduras.

14. Plaintiff Brooke Pierce is a resident of Texas.

---

[2] In the United States' answer to the complaint it is admitted that Ulises was bound when shot and killed.

15. Defendant FBI Agent Doe is the FBI Agent who shot and killed Ulises Valladares. "FBI Agent Doe" is a known person to the United States and Plaintiffs' and Defendants present counsel and FBI Agent Doe proceeds under this pseudonym pursuant to a protective order entered in this case. FBI Agent Doe can be served with process by agreement by serving Steven Kunkemoeller, local counsel for the FBI.

16. Defendant Nicholas Chase Cunningham[3] is a resident of Montgomery County and can be served with process at the Montgomery County jail at #1 Criminal Justice Drive, Conroe, TX 77301 or wherever he is found.

17. Defendant Sophia Perez Heath is a resident of Montgomery County and can be served with process at the Montgomery County jail at #1 Criminal Justice Drive, Conroe, TX 77301 or wherever she is found.

18. Defendant Jimmy Tony Sanchez is a resident of Montgomery County and can be served with process at the Montgomery County jail at #1 Criminal Justice Drive, Conroe, TX 77301 or wherever he is found.

19. Defendant Delia Gualdina Velasquez is a resident of Montgomery County and can be served with process at the Montgomery County jail at #1 Criminal Justice Drive, Conroe, TX 77301 or wherever she is found.

20. Defendant United States is a government entity and has been served with process.

---

[3] Cunningham pled guilty to aggravated robbery in a Montgomery County District Court and was sentenced to life in prison in August 2019. Heath plead guilty and was sentenced to 20 years in prison in January 2020. Two others await trial.

4

## JURISDICTION AND VENUE

21. The Plaintiffs invoke the jurisdiction of this Court pursuant to *Bivens v. Six Unknown Named Agents,* 403 US 388 (1971) implicating federal question jurisdiction and the Federal Tort Claims Act. This cause also arises under the laws of the United States providing for the protection of Civil Rights, and may be enforced against all Defendants, herein named, through the Fourth, Fifth and Fourteenth Amendments. State tort claims are brought under pendant jurisdiction. Venue is proper pursuant to 18 U.S.C. § 1391 in U.S. Southern District of Texas, Houston Division.

## ADDITIONAL FACTUAL ALLEGATIONS

22. Justina Garcia is the mother of Ulises Valladares and U.V. is Ulises's son.

23. On January 24, 2018, 47-year-old Ulises Valladares was with twelve-year-old U.V. at his home when two intruders entered their home demanding the whereabouts of his brother, Ernesto Valladares, for an alleged debt owed.

24. In order to gain Ernesto's attention, the intruders tied up Ulises Valladares and U.V. with duct tape.

25. The intruders, Nicholas Chase Cunningham and Jimmy Tony Sanchez, kidnapped Ulises by gunpoint, took a few valuables, and left U.V. tied up in the house.

26. Sophia Perez Heath and Delia Gualdina Velasquez were masterminds who planned the criminal conspiracy resulting in Mr. Valladares' death.

27. U.V. was able to break free of the restraints and eventually local authorities were contacted to report the kidnapping.

28. Ernesto, the victim's brother whom Ulises had allowed to live in the home, received a ransom call from a man who claimed to have connections to the Gulf Cartel (a major drug trafficking organization based in Mexico).

29. Law enforcement traced the call and Montgomery County Sheriff, Conroe Police, Houston Police, Harris County and the FBI all responded. The collaborative effort of the different law enforcement agencies allowed the kidnappers to be located at a hotel. Law enforcement located Ulises, bound, in the backroom of house with children and woman present.

30. Prior to raid the FBI failed to discipline and retrain officers in situations where suspects and other were shot by FBI agents, ascertain the location of any kidnapper in the house, failed to assess the danger level, failed to instruct FBI Agent Doe and the other FBI agents in the proper techniques to prevent unnecessary injury and death, used a gun to break a window, failed to properly identify themselves, failed to identify Ulises to FBI agents, pointed a gun unnecessarily at Ulises, put a finger on the trigger of weapon when not justified, failed to retreat, and other acts. Due to the United States' constant resistance to provide any documents or evidence and that Houston Police Chief Art Acevedo (se below) stated publicly that the FBI's story of the killing was incorrect Plaintiffs will need to get the statements, reports, training records, discipline records of the Ulises shooting and other FBI shootings, ballistics, personnel records, and other materials relevant to this case. As further evidence of failure to discipline and retrain the FBI alleges it has a clean shooting record *when investigating themselves* including the last 150 FBI shootings in a row which the Plaintiffs dispute as several of these FBI shootings were improper, for example, the shooting of a

mother holding a baby. See https://www.latimes.com/archives/la-xpm-1995-08-16-mn-35756-story.html.

31. On January 25, 2018, in the pre-dawn hours, flash-bang grenades were tossed in the house where the bound Ulises was located.

32. FBI Agent Doe approached the house, along with other law enforcement officers, and broke a window of the house.

33. After the window was broken FBI Agent Doe shot and killed Ulises.

34. At the time Ulises was still bound.[4]

35. Ulises did not threaten FBI Agent Doe or any other person at the scene of the killing.

36. The autopsy set forth homicide by gunfire as the manner of death:



37. The autopsy further indicated that Ulises arrived with brown paper bags on his hands, taped in a place around the wrists, and silver duct tape wrapped his left wrist and proximal left hand.

---

[4] Due to the fact that Houston Police Chief Acevedo stated the official FBI report is "not supported" but hasn't released the HPD report and the United States is demanding secrecy at every turn only this instant litigation will reveal the truth.

> A perforation in the dorsal left shirtsleeve corresponds to a gunshot wound on the body. Brown paper bags are on the hands, taped in place around the wrists. The left wrist and proximal left hand are wrapped circumferentially multiple times with silver duct tape. The tape is removed and submitted as evidence. Identifying morgue bands are on the right ankle and wrist.

38. The examination by the medical examiner found the wound path was noted to be through the skin, subcutaneous tissue, and left side of the chest, left third rib, the upper and lower lobes of the left lung, the aorta, the eighth thoracic vertebra (without associated spinal cord injury), the lower lobe of the right lung, right eighth rib, and the musculature and subcutaneous tissue of the lateral right side of the back.

39. The medical examiner recovered a deformed, small caliber, copper-jacketed, hollow-point bullet with the emblem of 'T' on the base of the bullet from the right side of his back.

40. The direction of the wound path is left to right, downward, and slightly front to back.

41. The autopsy further noted that Ulises had blunt force injuries and sharp force injuries.

42. These injuries, and others described below, were likely the result of extensive torture by the kidnappers to get money Ulises did not have.

43. A stab wound of the right upper extremity, left upper extremity cutting wound of the left periorbital region, cutting wounds of the right upper extremity, and superficial cutting wounds of the left ear.

44. Ulises's mother Justina and son U.V. have suffered dramatically from Ulises Valladares death, including depression, anxiety, and remorse.

45. Justina and U.V. have lost the monetary support Ulises provided, and Justina had to pay for the funeral expenses.

46. Ulise's minor son U.V. has made a Federal Tort Claim through Brooke Pearce his next friend, for $25,000,000.00, due to the lost of his last parent's companionship and support.

47. Ulise's minor son's claim was rejected on November 15, 2019.

48. Justina Garcia has made a claim under the Federal Tort Claims Act which the Federal Bureau of Investigation has received April 4, 2019 as admitted by the Defendant United States.

## CLAIMS

### COUNT ONE: BIVENS ACTION AGAINST FBI AGENT DOE

49. Plaintiffs adopt and incorporate by reference each and every factual allegation in the preceding paragraphs as though fully set forth herein.

50. The Supreme Court has recognized that monetary damage claims can be brought under the Fourth Amendment for illegal search and seizure in a line of cases starting with *Bivens v. Six Unknown Fed. Narcotics* Agents, 403 U. S. 388 (1971).

51. Plaintiffs bring a claim against FBI Agent Doe for illegal search and seizure under the Fourth Amendment, and as a negligence claim in the event facts show the acts were a result of the agent's negligence, gross negligence, or recklessness.

### COUNT TWO: FALSE IMPRISONMENT, ASSAULT & BATTERY, NEGLIGENCE, GROSS NEGLIGENCE, WRONGFUL DEATH AGAINST NICHOLAS CHASE CUNNINGHAM, SOPHIA PEREZ HEATH, JIMMY TONY SANCHEZ & FBI AGENT DOE

52. Plaintiffs adopt and incorporate by reference each and every factual allegation in the preceding paragraphs as though fully set forth herein.

53. Plaintiffs bring claims for false imprisonment, assault and battery, negligence, gross negligence and wrongful death against Nicholas Chase Cunningham, Sonia Perez Heath and Jimmy Tony Sanchez, Delia Gualdina Velasquez, and, alternatively to *Bivens* claims against FBI Agent Doe.

### COUNT THREE: WRONGFUL DEATH

54. The Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if set forth at length herein in this section.

55. The Plaintiffs bring this wrongful death action pursuant to the Texas Civil Practice and Remedies Code § 71.004 (c). Pursuant to Texas Civil Practice and Remedies Code § 71.002, and Texas statutory and common law, the Defendants are liable for their actions and omissions individually and jointly for actions, and omissions.

56. Ulises Valladares died as a result of the Defendants' deliberate indifference, reckless, wrongful acts and omissions, neglect, and carelessness actions.

57. Ulises would have been entitled to bring this action against Defendants if he had lived.

58. A reasonable and competent member of the law enforcement profession would

have exercised under similar circumstances duties to: provide adequate medical care, not impose unreasonable searches and seizures upon law abiding citizens; exercise ordinary or reasonable care; exercise the degree of care, skill, and competence that a reasonable officer would exercise.

59.     The Defendants including FBI Agent Doe and other FBI agents, breached all of their duties. The Defendants' acts and omissions, jointly and severally, proximately caused injury and death to Ulises Valladares.

60.     The Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

## COUNT FOUR: FEDERAL TORT CLAIMS ACT

61.     The Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if set forth at length herein in this section.

62.     Plaintiffs sue under the Federal Tort Claims Act. Under the FTCA "[t]he United States [is] liable ... in the same manner and to the same extent as a private individual under like circumstances" 28 U.S.C. § 2674. Federal courts have jurisdiction over such claims. 28 § 1346(b). The FTCA covers intentional torts committed by "investigative or law enforcement officers", thus allowing individuals aggrieved by the actions of law enforcement officers to have their day in court. See *Millbrook v. United States*, 569 U.S. 50 (2013).

63.     Here FBI agents including FBI Agent Doe were improperly trained and disciplined and used improper techniques and strategies resulting in the suffering and death of Ulises.

11

## SURVIVAL CLAIM

64.     The Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if set forth at length herein in this section. Pursuant to Texas Civil Practice and Remedies Code § 71.021 and Texas statutory and common law, the Defendants are liable for their actions and omissions and their employee's actions omissions, including, without limitation, their agents and officers.

65.     Ulises Valladares had causes of action for personal injury to his person under the Federal Tort Claims Act, Bivens action, and state tort law before he died.

66.     Ulises Valladares would have been entitled to bring an action for the injury if he had lived, namely pain, suffering, mental anguish and disfigurement as a result of the negligence, gross negligence and civil rights violations.

67.     The Defendants' wrongful acts and omissions, jointly and severally, caused Ulises Valladares's injuries for which the Plaintiffs sue for all damages allowed by law. This third amended complaint does not intend to extinguish the claims for the Estate of Ulises Valladares in it suit for intervention, rather add further support for those claims.

## DAMAGES

68.     Plaintiffs adopt and incorporate by reference each and every factual allegation in the preceding paragraphs as though fully set forth herein.

69.     Plaintiffs seek all damages allowed by law as a result of the aforementioned conduct forming the basis for each of Plaintiffs' causes of action. Plaintiffs request damages within the jurisdictional limits of the Court.

70. Upon the trial of this cause, it will be shown that Ulises Valladares sustained serious, permanent injuries, mental anguish and ultimately death, and Plaintiffs incurred serious damage.

71. The damages sustained by Ulises Valladares and the Plaintiffs were proximately caused by the Defendants as set forth herein.

72. Plaintiffs respectfully request the Court determine the amount of the loss Justina Garcia and U.V. have incurred in the past and will incur in the future.

73. There are certain elements of damages provided by law that Plaintiffs are entitled to have the court in this case separately consider determining the sum of money for each element that will fairly and reasonably compensate the Plaintiffs.

74. Plaintiffs are further entitled to reasonable attorneys' fees and costs in pursuing this matter, and any other reasonable and necessary damages as allowed 42 U.S.C 1988 or other law.

## REQUEST FOR RELIEF

75. Plaintiffs seek judgment in their favor and against Defendants and ordering the Defendants to pay all damages, jointly and severally, recoverable under law to the Plaintiffs, including, but not limited to, the following:

a. Compensatory damages
b. loss of enjoyment of life,
c. emotional pain,
d. physical pain & suffering

e. Physical Impairment

f. mental anguish,

g. loss of the society, association, and companionship of friends and family,

h. loss of the parent-child relationship,

i. deprivation of legal rights,

j. loss of earning capacity;

k. disfigurement;

l. death;

m. Punitive damages;

n. Pre-judgment interest;

o. Post-judgment interest;

p. Costs of suit and fees as allowable by law;

q. Attorneys' fees under 42 U.S.C. § 1988, Federal Tort Claim Act, Bivens, or other law;

r. Expert fees under 42 U.S.C. § 1988, Federal Tort Claim Act, Bivens or other law;

s. loss of financial and emotional support, funeral expense; and

t. Any other such relief as is deemed just and proper.

Respectfully submitted,

*/s/ U. A. Lewis*
U. A. Lewis
The Lewis Law Group
State Bar No. 24076511
Federal Bar No. 1645666
P. O. Box 27353
Houston, TX 77227
Telephone:(713)570-6555
Facsimile:(713) 581-1017
Email: myattorneyatlaw@gmail.com

Lead attorney for Plaintiff Brooke Pearce

*/s/ Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:713/320-3785
FAX:713/893-6737
Email: attorneykallinen@aol.com

Lead attorney for Plaintiff Justina Garcia

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing by filing with the ECF System of the Court on this 27th day of January 2020.

*/s/ U.A. Lewis*
U.A. Lewis