# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **BROOKE PEARCE,** *as next friend of* U.V., *a minor, and* **JUSTINA GARCIA,** | § § § | Civil Action No.:4:18-cv-3196 (Jury Trial for Bivens) (Bench Trial for FTCA) |
| *Plaintiffs,* | § § | |
| **V.** | § § | |
| **FBI AGENT DOE,** *in his individual capacity,* **NICHOLAS CHASE CUNNINGHAM; SOPHIA PEREZ HEATH; JIMMY TONY SANCHEZ; DELIA GUALDINA VELASQUEZ; and THE UNITED STATES,** | § § § § § § § | |
| *Defendants.* | § | |

## DEFENDANT DOE'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ................................................................ 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................... 4, 5, 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................... 4, 6

*Carroll v. Ellington*, 800 F.3d 154 (5th Cir. 2015) ............................................ 7

*Corr. Servs. Corp. v. Malesko*, 34 U.S. 61, 68 (2001) ..................................... 5

Federal Rule of Civil Procedure 12(b)(6) ...................................................... 2, 9

Federal Rule of Civil Procedure 8(a) ........................................................ 2, 3, 9

*Hui v. Castaneda*, 559 U.S. 799 (2010) .............................................................. 7

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) ................. 4

*Malley v. Briggs*, 475 U.S. 335 (1986) .............................................................. 4

*Reichle v. Howard*, 566 U.S. 658, (2012) .......................................................... 8

*Rice v. ReliaStar Life Ins. Co.*, 770 F.3d 1122 (5th Cir. 2014) ......................... 8

Texas Civil Practice and Remedies Code § 71.004. ......................................... 2

*Thompson v. Upshur County, TX*, 245 F.3d 447 (5th Cir. 2001) ...................... 7

*Wilkie v. Robbins*, 551 U.S. 537 (2007) .......................................................... 5, 6

## SUMMARY

Defendant Doe requests that the Court grant this motion to dismiss Plaintiffs' Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' complaint does not provide sufficiently particularized facts that would justify entitlement to relief or allow the Court to infer Doe's liability as required by Federal Rule of Civil Procedure 8(a). Even if the Court finds Plaintiffs have satisfied this pleading requirement, the Court should nonetheless grant Defendant Doe's motion because Doe is shielded from liability under the doctrine of qualified immunity.

Plaintiffs make three claims concerning Defendant Doe: (1) "Illegal Search and Seizure" in violation of the Fourth Amendment, under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) ("Count One"); (2) "False Imprisonment, Assault, and Negligence" alleged generally ("Count Two"); and (3) "Wrongful Death" under Texas Civil Practice and Remedies Code § 71.004. ("Count Three").

Federal Rule of Civil Procedure 8(a) requires Plaintiffs to provide more than unadorned accusations; pleaded content must state a claim for relief that is facially plausible. To justify an action under *Bivens*, Plaintiffs must provide well-pleaded facts that show Defendant Doe violated a clearly established Constitutional right. Not only are factual allegations concerning Defendant Doe scarce, those present are so devoid of detail that they do not enable the Court to reasonably infer any liability for Doe. Even when viewed in a light most favorable to Plaintiffs, as the Court must at this stage, the allegations provided in the complaint do not justify Plaintiffs' entitlement to the relief sought.

In the alternative, even if the Court finds the allegations have properly stated a claim for relief, Plaintiffs' complaint should be dismissed because Defendant is immune from liability. As a government official, Doe is entitled to qualified immunity, which provides "protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Because qualified immunity is meant to protect government officials from the burdens of litigation, the Court should grant Defendant's motion to dismiss.

## PROCEDURAL HISTORY

The present case arises from an incident on January 24, 2018, which ultimately ended in the death of Ulises Valladares, father of U.V., the minor who is party to this suit through his next friend. Plaintiffs Brooke Pearce, as next friend of U.V, a minor, and Justina Garcia filed the instant suit against Defendant Doe, in his individual capacity, and Defendants Nicholas Chase Cunningham, Sophia Perez Heath; Jimmy Tony Sanchez; Delia Gualdina Sanchez, and the United States.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief may be granted. To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). While the law does not demand "detailed factual allegations," it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Although the court must accept well-pleaded facts as true at this stage of litigation, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. When allegations are mere legal conclusions, the "tenet that a court must accept as true all of the allegations…is inapplicable…" *Id*. A court considering a motion to dismiss "may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Id*.

<u>**ARGUMENTS AND AUTHORITIES**</u>

**A. Plaintiffs' complaint fails to allege facts sufficient to justify their entitlement to the relief sought.**

1. <u>Plaintiffs' *Bivens* Claim is Inadequately Pled.</u>

Because Plaintiffs' complaint does not allege facts showing a violation of a clearly established constitutional right, the Court should grant Defendant's motion to dismiss. To state a prima facie case for damages pursuant to *Bivens*, a plaintiff is required to establish that: (a) the defendant violated a federal constitutional right of the plaintiff; (b) the constitutional right violated was clearly established; (c) the defendant was a federal actor; and (d) the defendant was personally involved in the alleged violation. *See Bivens*, 403 U.S. at 388. Plaintiffs' complaint does not reach the level of "threadbare recital of the elements of a cause of action," going only so far as to announce that Plaintiffs have brought this claim under the Fourth Amendment. *Iqbal*, 556 U.S. at 679.

Contrary to Plaintiffs' assumption, proceeding with a suit premised on *Bivens* liability is "not an automatic entitlement." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). The Supreme Court has mandated that courts adopt a context-specific approach when evaluating extension of a *Bivens* remedy to a plaintiff. *See Corr. Servs. Corp. v. Malesko*, 34 U.S. 61, 68 (2001). Plaintiffs'

complaint does not provide the Court with sufficient, non-conclusory factual statements that would enable the Court to infer extension of a *Bivens* remedy to the Plaintiffs.

2. <u>The Complaint Does Not Show a Clearly Established Constitutional Right.</u>

Defendant Doe's motion to dismiss should be granted because Plaintiffs' complaint does not adequately allege facts showing that Doe violated a clearly established constitutional right. Plaintiffs' argument in support of the *Bivens* claim is: (1) the "Supreme Court has recognized…monetary damage claims can be brought under the Fourth Amendment for illegal search and seizure…"; (2) therefore, Plaintiff brings this claim against Defendant Doe "for illegal search and seizure under the Fourth Amendment…." Pls.' Third Am. Compl., 9, ECF No. 32, Appendix A. While these statements would be inadequate for any type of allegation, "specificity is especially important in the Fourth Amendment context," because of the difficulty involved in an officer determining "how the relevant legal doctrine…will apply to the factual situation." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018). Plaintiffs' argument assumes the very entitlement to a *Bivens* remedy that the Supreme Court has explicitly denounced. *See Wilkie*, 551 U.S. at 550.

Plaintiffs acknowledge the lack of specific factual statements, citing resistance from the Houston Police Department to provide Plaintiffs with internal police records and limitations inherent to cases involving a protective order. Pls.' Third Am. Compl., 9, ECF No. 32, Appendix A. Addressing this very argument in another case, the Supreme Court held, "the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Iqbal*, 556 U.S. at 685. Plaintiffs "have not nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Where a complaint contains nothing more than bare allegations, as this one does, such allegations "should not suffice to subject

government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow v. Fitzgerald*, 457 U.S. 800, 816-17 (1982).

**B. In the alternative, even if the Court finds that Plaintiffs' complaint is properly pled, Defendant Doe is immune from liability.**

### 1. Two-Prong Inquiry for Qualified Immunity.

If the Court find Plaintiffs' Third Amended Complaint to be well-pled, Plaintiffs' complaint should nevertheless be dismissed pursuant to the protections provided by qualified immunity for government officials. *See Harlow*, 457 U.S. at 800; *see also Iqbal*, 566 U.S. at 685 (citing *Siegert v. Gilley,* 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'").

Courts use a two-prong inquiry to determine whether a government official is entitled to qualified immunity: (1) whether the well-pleaded facts in a plaintiff's complaint, accepted as true, constitute a violation of a constitutional right; and (2) whether the defendant's conduct was objectively reasonable in light of clearly established law. *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015). The threshold for being shielded from liability via qualified immunity is low, providing "protection to all but the plainly incompetent or those who knowingly violate the law." *Malley*, 475 U.S. at 335. Qualified immunity protects a government official against both "suits brought under 42 U.S.C. § 1983 and suits brought directly under the Constitution against federal officials." *Harlow*, 457 U.S. at 809; *see also Hui v. Castaneda*, 559 U.S. 799 (2010) (holding that an action under *Bivens* will be defeated if the defendant is immune from suit).

Where Defendant moves for dismissal on qualified immunity grounds, "it is plaintiff's burden to demonstrate that all reasonable officials similarly situated would have then known that defendant's alleged acts" violated the Constitution. *Thompson v. Upshur County, TX*, 245 F.3d

447, 457 (5ᵗʰ Cir. 2001). The Supreme Court has cautioned that reasonableness is judged "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Rice v. ReliaStar Life Ins. Co.*, 770 F.3d 1122, 1130 (5th Cir. 2014). Courts stringently apply the objective standard precisely because it enables dismissal of poorly pled cases early in the litigation process. *Harlow*, 457 U.S. at 817–18.

### 2. Absence of "Clearly Established" Right Entitles Defendant Doe to Immunity.

Defendant Doe's motion to dismiss should be granted because the Court may grant qualified immunity when a "purported right was not clearly established by prior case law." *Reichle v. Howard*, 566 U.S. 658, 664 (2012); *see Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). For a right to be clearly established, it "must be sufficiently clear 'that every reasonable official would [have understood] that what he is doing violates that right.'" *Reichle*, 566 U.S. at 658 (citation omitted). Put simply, "existing precedent must have placed the statutory or constitutional question beyond debate." *Anderson v. Creighton*, 536 U.S. 645, 640 (1987). This objective "clearly established" standard "protects the balance between vindication of constitutional rights and government officials' effective performance of their duties by ensuring that officials" can reasonably anticipate when their conduct might give rise to liability. *Reichle*, 566 U.S. at 664.

Plaintiffs' Third Amended Complaint should be dismissed because the "clearly established" standard is not satisfied here. Plaintiffs have not provided the Court with a single instance similar to the present case in which a "clearly established" right has been recognized.

### 3. Defendant Doe's Conduct Was Objectively Reasonable.

Because qualified immunity is intended to protect officials from the burdens of litigation, not merely trial, the Court should dismiss all allegations against Defendant Doe. The Fourth Amendment's search and seizure provision contains an exigent circumstances exception to the

warrant requirement. *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006). One such "exigency obviating the requirement of a warrant is the need to assist persons who are seriously injured or threatened with…injury." *Id.*; *see also Mincey v. Arizona*, 437 U.S. 385, 393 (1978) ("The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency.").

Nothing alleged by Plaintiffs so much as purports to show that Defendant Doe acted in a manner that any similarly situated person would find objectively unreasonable. The haphazard list of various "duties" Plaintiffs believe a reasonable officer would have exercised is not accompanied by any support or legal justification. To hold Defendant Doe liable under any of the causes of action presented by Plaintiffs, they must plead facially plausible facts showing Doe committed an *illegal* (warrantless) search and seizure.[1] *See Rockwell v. Brown*, 664 F.3d 985, 995 (5th Cir. 2011); *cf. Velasquez v. Audirsch*, 574 F. App'x. 476, 478 (5th Cir. 2014). Because Defendant Doe's conduct was consistent with the law at the time of the incident and did not violate Plaintiffs' Fourth Amendment rights, the Court should grant Defendant Doe's motion to dismiss.

### CONCLUSION

Defendant Doe respectfully moves this Court to dismiss Plaintiffs' Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and because Doe is entitled to qualified immunity. Plaintiffs' allegations fail to meet the bare minimum pleading standards to survive a motion to dismiss. Plaintiffs' lackluster complaint is precisely the type that the doctrine of qualified immunity encourages courts to dismiss. The purpose of qualified immunity is to protect government officials from the burden of the litigation

---

[1] Although not required for Federal purposes, Defendant FBI Agent's counsel have been advised that local law enforcement may have issued a search warrant.

process. Granting Defendants' motion best effectuates that purpose because nothing Plaintiffs have alleged weighs in favor of subjecting Defendant Doe to the instant litigation.

Respectfully submitted,

BERG & ANDROPHY

*/s/ Joel M. Androphy*
Joel M. Androphy
Attorney-in-Charge
TX State Bar No. 01254700
Rebecca Gibson
TX State Bar No. 24092418
Berg & Androphy
3704 Travis Street
Houston, Texas 77002
Telephone (713) 529-5622
Facsimile (713) 529-3785
**Attorneys for FBI Agent Doe**

## CERTIFICATE OF SERVICE

On March 4, 2020, a true and correct copy of the foregoing document was served on counsel electronically through the Court's CM/ECF system.

*/s/ Joel M. Androphy*