**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **BROOKE PEARCE**, *as next friend of* **U.V.,** | )( | **Civil Action No.:4:18-cv-3196** |
| *a minor, and* **JUSTINA GARCIA,** | )( | **(Jury Trial for** *Bivens***) (Bench** |
| | )( | **Trial for FTCA)** |
| *Plaintiffs,* | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| **FBI AGENT DOE,** *in his individual capacity,* | )( | |
| **NICHOLAS CHASE CUNNINGHAM;** | )( | |
| **SOPHIA PEREZ HEATH;** | )( | |
| **JIMMY TONY SANCHEZ;** | )( | |
| **DELIA GUALDINA VELASQUEZ; and** | )( | |
| **THE UNITED STATES,** | )( | |
| | )( | |
| *Defendants.* | )( | |

**DEFENDANT DOE'S REPLY TO PLAINTIFFS' RESPONSE TO THE
MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT.**

TO THE HONORABLE KENNETH M. HOYT:

Defendant FBI Agent Doe ("Doe"), by and through undersigned counsel, respectfully

submits this reply in support of his motion to dismiss Plaintiffs' third amended complaint.  Doe

adjures this Court to dismiss all claims and causes of action asserted by Plaintiffs Pearce and

Garcia against Defendant Doe because Plaintiffs fail to allege facts sufficient to show entitlement

to relief pursuant to Federal Rule of Civil Procedure 8(a) and Rule 12(b)(6), or in the alternative,

because qualified immunity protects Defendant Doe from suit.

**Table of Authorities**

*Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) ............................................ 3

*Rockwell v. Brown*, 664 F.3d 985, 995 (5th Cir. 2011) ................................................... 3

*Velasquez v. Audirsch*, 574 F. App'x 476, 478 (5th Cir. 2014)...................................................... 3

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 3

Federal Rule of Civil Procedure 8(a) ............................................................................... 3

*Velasquez v. Audirsch*, 574 F. App'x 476 (5th Circ. 2014) ........................................................ 4

*Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)............................................................. 4

*Graham v. Connor*, 490 U.S. 386 (1989) ......................................................................... 4

*Brown v. Callahan*, 623 F.3d 249 (5th Cir. 2011) .......................................................... 5

*Darden v. City of Fort Worth*, 880 F.3d 722 (5th Cir. 2018)........................................................ 5

*Corr. Servs. Corp. v. Malesko*, 34 U.S. 61 (2001)........................................................... 5

*Kisela v. Hughes*, 138 S. Ct. 1148 (2018)......................................................................... 5

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ..................................................................... 6

*Thompson v. Upshur County, TX*, 245 F.3d 447 (5th Cir. 2001)........................................................ 6

*Malley v. Briggs*, 475 U.S. 335 (1986) ........................................................................... 6

*Brosseau v. Haugen,* 543 U.S. 194 (2004) ....................................................................... 8

## I.   ARGUMENT

1.      Defendant Doe requests that the Court grant his Motion to Dismiss Plaintiffs' Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have failed to adequately allege sufficiently particularized facts that would justify entitlement to the relief sought.

2.      In the alternative, should the Court find that Plaintiffs have satisfied the pleading standard set forth in Federal Rule of Civil Procedure 8(a), the Court should nonetheless grant Defendant Doe's motion because Doe is shielded from liability under the doctrine of qualified immunity.

3.      At its core, Plaintiffs' complaint rests upon thinly supported assertions and pleas for the Court to infer critical facts in order to fill the gaps where Plaintiffs lack evidence to support their claims.

**A.      Plaintiffs' complaint lacks the necessary factual support to have sufficiently pled a *Bivens* claim.**

4.      To state a prima facie case for damages pursuant to *Bivens*, a plaintiff is required to establish that: (a) the defendant violated a federal constitutional right of the plaintiff; (b) the constitutional right violated was clearly established; (c) the defendant was a federal actor; and (d) the defendant was personally involved in the alleged violation. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)

5.      Plaintiffs' have not established that there was a clearly established constitutional right that was violated. *See Bivens*, 403 U.S. at 388. Plaintiffs' complaint simply asserts that Defendant Doe acted under the color of law and Ulises Valadares was shot. To hold Defendant Doe liable under any of the causes of action presented by Plaintiffs, they must plead facially plausible facts showing Doe committed an *illegal* (warrantless) search and seizure. *See Rockwell*

*v. Brown*, 664 F.3d 985, 995 (5th Cir. 2011); *cf. Velasquez v. Audirsch*, 574 F. App'x 476, 478 (5th Cir. 2014).

6.      Plaintiffs' concede it is clearly established law that a seizure directed at the suspect, which inadvertently injures an innocent person, is not a seizure implicating the Fourth Amendment because the seizure is not deliberately applied to the victim. *See* Pls.' Resp. to Def.'s Mot. To Dismiss, 8, ECF. No. 38. Further, Plaintiffs' do not adequately plead facts which would permit the Court to infer that Defendant Doe's actions were improperly directed at the kidnappers, or deliberately applied to Ulises. Based on Plaintiffs' recitation of the facts, Ulises was a hostage, being held by the kidnappers, and the agent's actions were directed specifically at the kidnappers. Thus, Defendant Doe's conduct could not, as a matter of law, constitute a violation of Ulises' constitutional rights.

7.      Plaintiffs assert that Ulises was allegedly alone when he was shot but provide no other facts beyond this assertion to justify that Defendant Doe's actions constituted a violation of Ulises' clearly established Fourth Amendment rights. Pls.' Third Am. Compl., 2, ECF. No. 32. Plaintiffs' assertion that Ulises was alone is also suspect, given that Plaintiffs' complaint admits that the FBI was able to locate Ulises based on a phone call from the kidnappers. Pls.' Third Am. Compl., 6, ECF. No. 32. The sweeping assertions by Plaintiffs' do not suffice to satisfy their burden to plead specific facts justifying their claims that Defendant Doe's actions constituted an illegal seizure.

8.      For the first time, in their Response to Defendant's Motion to Dismiss, Plaintiffs' assert that Defendant Doe's actions violated Ulises' Fourth Amendment right to be free from excessive force. *See* Resp. to Def.'s Mot. To Dismiss, 9, ECF. No. 38. Nowhere in Plaintiffs'

complaint do they allege such a violation, nor does their complaint allege any facts that rise to the level of adequately pleading such a claim.

9.    To adequately plead a claim for violation of Plaintiffs' Fourth Amendment rights, Plaintiffs' must supply facts that would allow the Court to determine whether Defendant Doe's actions were unreasonable. *See Graham v. Connor*, 490 U.S. 386, 395 ("[W]e…hold that all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard…"). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396. Ultimately, Plaintiffs' failure to provide the Court with any particular facts about Defendant Doe's conduct makes this balancing inquiry impossible.

10.    When assessing the reasonableness of an officer's actions, what matters is what the defendant officer knew at the time of the incident. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2474 (2015) (stressing that "a court must judge the reasonableness of the force used from the perspective and with the knowledge of the defendant officer"); *see Brown v. Callahan*, 623 F.3d 249, 253 ("An official's actions must be judged in light of the circumstances that confronted him, without the benefit of hindsight." (citing *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)); *see also White v. Pauly*, 137 S. Ct. 548, 550, 552 (2017) ("[T]he officer's understanding of facts leading up to the event color the question whether 'a reasonable officer' could have believed his life or the lives of others were endangered.").

11.    Noticeably lacking from Plaintiffs' complaint are any facts that establish Defendant Doe's actions were unreasonable. Plaintiffs' do not discuss any facts leading up to the event that

5

were available to Defendant Doe, which would allow the Court to infer that Defendant Doe acted unreasonably. Plaintiffs' sole fact states that "Agent Doe pointed his gun into a window, without entering…" Pls.' Third Am. Compl., 2, ECF No. 32. No case law is cited to support the notion that such an assertion is sufficiently particularized to satisfy Rule 8(a)'s pleading requirements.

12.     The case law which Plaintiffs' do rely on involve situations that are fundamentally distinct from the present case. *See* Pls.' Resp. to Def.'s Mot. To Dismiss, 9, ECF. No. 38. Defendant Doe was not dealing with fleeing suspects, or individuals being subjected to arrest, as was the situation in the case discussed by Plaintiffs. *See Darden v. City of Fort Worth*, 880 F.3d 722 (5th Cir. 2018). It is indisputable that such situations are distinct from one where officers are engaged in a hostage situation, wherein someone is being kept under threat of violence, and officers are tasked with responding not knowing the full extent of the threat that awaits. When arresting an individual, officers are able to visually assess any potential threats and search for weapons. The Supreme Court has mandated that courts adopt a context-specific approach when evaluating extension of a *Bivens* remedy to a plaintiff. *See Corr. Servs. Corp. v. Malesko*, 34 U.S. 61, 68 (2001). Thus, Plaintiffs' reliance on case law involving officers in contextual situations quite distinct from the present situation will not suffice. *See* Resp. to Def.'s Mot. To Dismiss, 9, ECF. No. 38.

13.     Ultimately, Plaintiffs' complaint lacks the requisite specificity necessary to adequately plead a violation of a clearly established constitutional right. Plaintiffs spend much of their time detailing what constitutes a constitutional violation, but factual details outlining the clearly established nature of those rights in this particular instance, and the unreasonableness of Defendant Doe's actions, are sparse.

**B.     In the alternative, Plaintiff's complaint ought to be dismissed because Defendant Doe is shielded from liability pursuant to the doctrine of qualified immunity.**

14.     If the Court find Plaintiffs' Third Amended Complaint to be well-pled, Plaintiffs'

complaint should nevertheless be dismissed pursuant to the protections provided by qualified

immunity for government officials.  *See Harlow v. Fitzgerald*, 457 U.S. at 800; *see also Ashcroft*

*v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley,* 500 U.S. 226, 236 (1991) (Kennedy,

J., concurring in judgment)) ("The basic thrust of the qualified-immunity doctrine is to free

officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"). The

threshold for being shielded from liability via qualified immunity is low, providing "protection to

all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475

U.S. 335, 341 (1986). "Qualified immunity attaches when an official's conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would have

known." *White v. Pauly,* 137 S.Ct. 548, 551 (2017).

15.     Where a defendant moves for dismissal on qualified immunity grounds, "it is [the]

plaintiff's burden to demonstrate that all reasonable officials similarly situated would have then

known that defendant's alleged acts" violated a clearly established constitutional right. *Thompson*

*v. Upshur County, Tex.*, 245 F.3d 447, 457 (5th Cir. 2001). The Court may grant qualified

immunity when a "purported right was not clearly established by prior case law." *Reichle v.*

*Howard*, 566 U.S. 658, 664 (2012); *see Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). For a right

to be clearly established, it "must be sufficiently clear 'that every reasonable official would [have

understood] that what he is doing violates that right.'" *Reichle*, 566 U.S. at 658

16.     Here, Plaintiffs' complaint falls well short of pleading sufficiently particularized

facts demonstrating that Defendant Doe's actions were objectively unreasonable. Instead,

Plaintiffs simply assert that "Defendant's actions were objectively unreasonable…", without any

further explanation or factual basis. Pls.' Resp. to Def.'s Mot. To Dismiss, 14, ECF. No. 38. Nor

do Plaintiffs' allege any facts which show, or would allow the Court to infer, that Defendant Doe had fair notice his conduct was unlawful." See *Brosseau v. Haugen,* 543 U.S. 194, 198 (2004) ("Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct.")

17.     In lieu of providing factual support for their allegations, Plaintiffs' simply state that Ulises was bound, and asks the Court to assume from that fact alone that Defendant Doe's actions were unreasonable. This blanket assertion does not rise to the level of demonstrating that all reasonable officials, similarly situated, would have known Defendant Doe's actions violated the Constitutional rights of Ulises. *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) ("Use of excessive force is an area of the law in which the result depends very much on the facts of each case, and thus police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue.") (citations omitted). Plaintiffs' statement of the facts makes it clear that the agents' actions were directed towards the kidnappers holding Ulises hostage. It defies credulity to claim that Defendant Doe and the rest of the FBI were sent, guns drawn, to a home that they knew did not contain the kidnappers.

18.     Plaintiffs' claim that the "totality of the circumstances" show that no officer would conclude Defendant Doe's actions were reasonable because Ulises was bound and gagged. Pls.' Resp. to Def.'s Mot. To Dismiss, 13, ECF. No. 38. However, a proper evaluation of reasonableness requires assessing what facts were available to Defendant Doe at the time of the incident, as well as facts supporting the claim that any reasonable officer would have known that Doe's actions violated a clearly established constitutional right. ("A constitutional right is clearly established… if the law is clear enough such that 'a reasonable official would understand that what he is doing violates that right.'" (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)).

19.     Plaintiffs' Response to Defendant Doe's Motion to Dismiss acknowledges that the question of reasonableness "does not employ hindsight" while simultaneously relying on a singular fact that employs the very kind of hindsight judgment that has been rejected. Pls.' Resp. to Def.'s Mot. To Dismiss, 13, ECF. No. 38. (Plaintiffs' allege that Ulises was bound at the time he was shot, but do not provide any analysis or facts that would allow the Court to determine that this was information Defendant Doe had available to him *at the time* of the incident.)

20.     Ultimately, the dearth of facts in Plaintiffs' complaint makes it impossible to conclude that Defendant Doe acted in an objectively unreasonable manner and violated a clearly established constitutional right. Plaintiffs' do not allege a single fact, based on information available to Defendant Doe at the time of the incident, supporting their claims for constitutional rights violations. Plaintiffs' blanket assertions about what all reasonable officials would have done, without any further justifications, simply do not amount to an adequately pled claim.  Accordingly, the Court should grant Defendant Doe's motion to dismiss because Doe is protected under qualified immunity.

## II.     CONCLUSION

Defendant Doe respectfully moves this Court to grant his Motion to Dismiss  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and because Doe is entitled to qualified immunity. Plaintiffs' allegations fail to meet the bare minimum pleading standards to survive a motion to dismiss. The sole fact Plaintiffs rely on in support of their claim that Ulises's constitutional rights were violated is insufficient, and definitively relies on hindsight judgment that even Plaintiffs' admit is inadequate. Additionally, Plaintiffs' lackluster complaint is precisely the type that the doctrine of qualified immunity encourages courts to dismiss. The purpose of qualified immunity is to protect government officials from the burden of the litigation

process. Granting Defendants' motion best effectuates that purpose because nothing Plaintiffs have

alleged weighs in favor of subjecting Defendant Doe to the instant litigation.

Respectfully submitted,


BERG & ANDROPHY


*/s/Joel M. Androphy*
Joel M. Androphy
Attorney-in-Charge
TX State Bar No. 01254700
Rebecca Gibson
TX State Bar No. 24092418
Berg & Androphy
3704 Travis Street
Houston, Texas 77002
Telephone (713) 529-5622
Facsimile (713) 529-3785


## CERTIFICATE OF SERVICE

On April 22, 2020, a true and correct copy of the foregoing document was served on counsel electronically through the Court's CM/ECF system.

*/s/ Joel M. Androphy*

11