United States District Court
Southern District of Texas
**ENTERED**
June 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BROOK PEARCH, *as next friend of* U.V., *a minor and* JUSTINA GARCIA, § § § § Plaintiffs, § VS. § § DOE FBI AGENT, NICHOLAS CHASE § CUNNINGHAM and JIMMY TONY § SANCHEZ, *et al*, § § Defendants. § § § § | CIVIL ACTION NO. 4:18-CV-03196 |

**ORDER ON MOTION TO DISMISS**

**I.  INTRODUCTION**

Before the Court is the defendant, FBI Agent Doe's motion to dismiss the suit of the of the plaintiffs, Brooke Pearce, as next friend of U.V. a minor, and Justina Garcia (the "plaintiffs") (Dkt. No. 34). Also before the Court are the plaintiffs' response (Dkt. No. 38), and Agent Doe's reply (Dkt. No. 40). The Court, having examined the plaintiffs' pleadings, the defendant's motion and arguments for dismissal and related arguments, determines that the motion should be DENIED.

**II.  FACTUAL BACKGROUND AND CONTENTIONS**

The facts show that the decedent, Ulises Valladares, was in his home with his son U.V., when two assailants entered his home demanding to know the whereabouts of his brother. Ulises was bound and gagged with duct tape. He was later removed from his home, leaving behind his minor son, U.V., who also had been bound. U.V. was able to free himself and enlisted the help

of a neighbor to telephone law enforcement. Because Ulises was the subject of a kidnapping and a ransom demand, the FBI was called into the case by the Montgomery County Sherriff's Office.

They were able to locate Ulises and joined the Montgomery County Sheriff's office in an attempt to rescue him. FBI agents approached the house where Ulises was being held. He was alone and still tied up as they approached the house. Agent Doe, while peering through a window, fired his weapon at Ulises, killing him. Ulises was still bound when his body was recovered.

Ulises is survived by his mother, Justina Garcia, a sister Brooke Pearce and a son U.V., the plaintiffs in this case. In their third amended complaint, the plaintiffs assert that by firing his weapon through a window and fatally shooting Ulises, Agent Doe engaged in an illegal search and seizure, giving rise to a *Bivens* action, because the acts of Agent Doe violated the Fourth Amendment to the federal Constitution. They further assert that Agent Doe's conduct constituted negligence, gross negligence or recklessness, false imprisonment, "assault and battery" and wrongful death under state law. In count three, the plaintiffs assert a wrongful death claim, pursuant to the Texas Civil Practice and Remedies Code § 71.004 (c). Finally, the plaintiff asserts a Federal Tort Claims Act violation pursuant to 28 U.S.C. § 2674. The plaintiffs seek attorneys' fees pursuant to the Act, and 42 U.S.C. § 1988.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v.*

*McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007).  Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964).  Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 -65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 662, 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).  Therefore, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  In this regard, a court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are

central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## IV. DISCUSSION AND ANALYSIS

The facts in this case are undisputed. FBI Agent Doe, without provocation, fired his weapon through a window in the house where he knew a person or persons were being held up. He also knew that one of the persons in the house was the hostage. Whether out of negligence or recklessness, Agent Doe fired his weapon, without provocation; through a window causing the death of the hostage. In this circumstance the lack of specific detailed facts is inconsequential because the evidence shows that a homicide was committed by Agent Doe. Agent Doe's conduct, is undisputed and, alone, is sufficient to satisfy the strictures of Federal Rue of Civil Procedure, 8(a)(2) and (3), 12(b)(6) and the constitutional dictates of a *Bivens* claim. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Agent Doe cannot in good conscience, claim that the plaintiff has made only "unadorned allegations" while holding the key that unlocks the door to discovery.

In the Court's view, the complaint contains sufficient factual allegations, if accepted as true, state a claim for relief. *Iqbal*, 556 U.S. at 662, 679 (2009). Clearly, a person has a right under the federal Constitution to not be murdered. Agent Doe's motion is denied on that basis.

Agent Doe also seeks dismissal on the basis that he is entitled to qualified immunity. To sustain his claim and overcome Agent Doe's qualified immunity defense the plaintiffs must establish that under a similar situation, all reasonable officers would have known that the act of "blindly" shooting through a window at an unidentified person, violates the Constitution. *See Thompson v. Upshur County, Texas*, 245 F.3d. 447, 457 (5th Cir. 2001). Accepting the facts pleaded as true, the Court determines as a matter of law that no reasonable officer would have

fired his weapon at the time, particularly where he was not engaged in a "fire fight" with an occupant.

The Court is of the opinion and Holds that Agent Doe's motion to dismiss, based on qualified immunity, is wholly without merit because to fire a round at an unarmed person in this situation, not only violates the Constitutional rights of the decedent, but such conduct was objectively unreasonable. No life was being protected by Agent Doe's conduct. On the contrary, Agent Doe took a life without provocation. This was an illegal act. Therefore, Agent Doe's motion to dismiss the plaintiffs' claims on the basis of qualified immunity is denied.

It is Ordered that Agent Doe's motion to dismiss that plaintiffs' case is DENIED in its entirety.

SIGNED on this 22nd day of June, 2020.

Kenneth M. Hoyt
United States District Judge