UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BROOKE PEARCE, as next friend of U.V., a minor, and JUSTINA GARCIA,<br><br>    Plaintiffs,<br><br>v.<br><br>FBI AGENT DOE,<br>et. al,<br><br>    Defendants. | Civil Action No. 4:18-cv-3196 |

PROTECTIVE ORDER

Plaintiffs and Defendant United States (the "parties") seek entry of this stipulated Protective Order to facilitate discovery while protecting against public disclosure of sensitive law enforcement material, information subject to the Privacy Act, other confidential or sensitive personal information protected under State or Federal law, and inadvertently disclosed privileged information.  The Court agrees that there is good cause to protect the confidential and sensitive nature of this information and, further, that it is necessary to order enhanced protection for the names, addresses, and other personal identifiers of any SWAT (Special Weapons and Tactics), TOC (Tactical Operations Center), or OSC (On Scene Command) member, referred to collectively as "OPS" (Operations), which, if disclosed publicly disclosed, could compromise officer safety and impair ongoing or future law-enforcement operations.  Accordingly, IT IS ORDERED that:

1.      Discovery in this case will involve the production of documents in the possession of the United States that are maintained in a government system of records.  These records may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), or otherwise contain

Exhibit B, draft protective order

sensitive personal information, including personally identifiable information.  Discovery will also involve the production of documents and information relating to sensitive law enforcement materials.

2.      The United States, its agencies, and employees, including its counsel, are authorized, under 5 U.S.C. § 522a(b)(11), to produce, provide, and release, in connection with this litigation, information and documents that would otherwise be protected from disclosure under the Privacy Act, as well as information and documents covered by the Right to Financial Privacy Act, 12 U.S.C.  U.S.C. § 3401 et seq., and the Health Insurance Portability and Accountability Act, see Pub. L. No. 104-191, 101 Stat. 1936 (1996).

3.      For purposes of this Order, the term "Confidential Information" includes the following: (a) information produced by the United States, its agencies, or employees, which the United States has determined to be law enforcement sensitive or protected by the Privacy Act; and (b) other confidential or sensitive personal information protected under State or Federal law. Such information may only be used, disseminated, copied, or disclosed as indicated in this Order.

4.      The parties may designate documents, testimony, written responses, and other materials produced in this case as subject to this Protective Order by marking each page as "Subject to Protective Order," if practical to do so.  If it is not practical to do so, the designating party must otherwise inform the receiving party, in writing, that the information is subject to this Protective Order.

5.      Documents and materials that identify the names, addresses, and other personnel identifiers of OPS members necessitate a higher level of protection and may be designated "Subject to Protective Order - For Attorneys' Eyes Only."  Documents and material designated

"Subject to Protective Order – For Attorneys' Eyes Only" can be provided to Plaintiffs' counsel, but not to Plaintiffs.

6.       Except as otherwise ordered by this Court or provided herein, or stipulated to by counsel, any documents or materials designated "Subject to Protective Order," including information derived therefrom, may be disclosed only to the following persons: (a) Plaintiffs; (b) attorneys of record for the Plaintiffs in this case; (c) any persons regularly in the employ of, or persons contracted to perform services for attorneys of record for, the Plaintiffs to the extent reasonably necessary for the prosecution of this action; (d) attorneys of record for the United States in this case and any attorneys who may represent FBI Agent Doe[1] in this case; (e) persons regularly in the employ of such attorneys to the extent reasonably necessary to render professional services in this case; (f) employees of federal agencies as deemed necessary by counsel for the United States; (g) this Court and its support personnel who are involved in this case; and (h) any court reporter reporting a deposition.

7.       Except as otherwise ordered by this Court or provided herein, or stipulated to by counsel, any documents or materials designated "Subject to Protective Order - For Attorneys' Eyes Only," including information derived therefrom, may be disclosed only to the following persons: (a) attorneys of record for the Plaintiffs in this case; (b) any persons regularly in the employ of, or persons contracted to perform services for attorneys of record for, the Plaintiffs to the extent reasonably necessary for the prosecution of this action; (c) attorneys of record for the United States in this case and any attorneys who may represent FBI Agent Doe in this case; (d) persons regularly in the employ of such attorneys to the extent reasonably necessary to render

---

[1] FBI Agent Doe is the individual identified in paragraphs paragraphs 31 and 44 of Plaintiffs' Second Amended Original Complaint.  See Stipulated Protective Order (Dkt. 27) entered by the Court on January 6, 2020.

professional services in this case; (e) employees of federal agencies as deemed necessary by counsel for the United States; and (f) this Court and its support personnel who are involved in this case; and (g) any court reporter reporting a deposition.

8.      Except as provided herein, no person having access to Confidential Information shall make any disclosure of Confidential Information without further Order of the Court

9.      Except as provided herein, Confidential Information may be used only for purposes of this litigation.

10.      This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the parties through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party using the information to establish that such information or document was lawfully obtained through means or sources outside of this litigation.

11.      Except for the individuals described in paragraphs 6 (d)-(g) and 7(c)-(f) above, all individuals to whom Confidential Information is disclosed shall be informed of and shall agree with the terms of this Protective Order; shall not disclose or use the Confidential Information except in compliance with this Protective Order; and shall, before receiving Confidential Information, acknowledge their agreement to comply with this Protective Order by signing a copy of the attached acknowledgment form.  A copy of each such acknowledgment form must be provided promptly after its execution to counsel for the United States.

12.      Any documents, filings, briefs, or other materials containing information designated "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only," if filed publicly, shall contain redactions of the Confidential Information or otherwise conceal the information through the use of a pseudonym.

- 4 -

13.     As a supplement to the public filing of any documents, briefs, or other materials that conceal (through the use of redactions or pseudonyms) materials designated "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only," a party may file under seal materials containing the Confidential Information without concealment.  Neither the Plaintiffs, the United States, or any other litigant or third party may use Confidential Information in open Court, orally or through documents, without first obtaining the written consent of counsel of the Department of Justice or an order from the Court ruling that the Confidential Information is relevant and may be publicly disclosed.

14.     Any OPS member identified in documents provided to Plaintiffs' counsel -- including FBI Agent Doe -- shall not be disclosed to Plaintiffs.   Any OPS member identified in documents provided to Plaintiffs' counsel -- including FBI Agent Doe -- shall be publicly identified through the use of a pseudonym, such as "SWAT A," "TOC A," or "OSC A," or with the name of the individual redacted.  The United States will provide Plaintiffs' counsel with a list of OPS members whose names require a pseudonym or redaction.

15.     Nothing in this Protective Order shall limit the parties' right to use or disclose their own Confidential Information.  Nothing in this Order shall be construed to restrict in any way the use of any federal records by any federal agency or federal employee in the ordinary course of business consistent with applicable statutes and regulations.

16.     Whenever materials designated "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only" are to be discussed or disclosed in a deposition, hearing, or pre-trial proceeding, the United States may exclude from the room any person—other than persons designated in paragraphs 6 and 7 who have complied, if applicable, with the terms

of paragraph 11—for that portion of the deposition, hearing, or pre-trial proceeding.  A party's right to use materials designated "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only" at a hearing or other court proceeding in this action shall be determined by the presiding judge. The Court may also require the redaction of personal identifiers in materials designated "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only" before use at a hearing or other Court proceeding in this action. The designation of materials designated "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only" shall not affect the Court's determination as to whether the material shall be received into evidence; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material. This Protective Order shall not govern the admission of evidence at trial in open court. Should a party believe that documents, materials, or information designated as "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only" should not be used in open court during trial, that party will have the burden to seek such protections from the court prior to trial.

17.    Within 30 days after receipt of the final transcript of the deposition of any party or witness in this case, the parties may designate "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only" any portion of the transcript that the parties view as disclosing Confidential Information.  If a transcript (or excerpt of a transcript) containing any such material is filed with the Court, it shall be filed under seal and marked as "Confidential— Subject to Protective Order."  Unless otherwise agreed, all deposition transcripts shall be treated as subject to this Protective Order until the expiration of the 30-day period.

- 6 -

18.     At the deposition of any witness, the parties may designate "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only" any confidential testimony, exhibit, or other information provided or disclosed at the deposition of any witness, and that testimony, exhibit, or other information is subject to the provisions of this Protective Order, unless the Court orders otherwise or counsel for the parties stipulate otherwise.

19.     Should this matter proceed to trial, the parties shall confer concerning measures which should be taken during trial of this action to satisfy the requirements of confidentiality consistent with the right of all parties to present admissible evidence necessary for a proper resolution of this case and in accordance with paragraph 16 above.

20.     The parties reserve the right to dispute the confidential status of information in accordance with this Protective Order.  If the parties believe that any materials have been inappropriately designated "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only," counsel for the parties shall confer in good faith in an attempt to resolve the matter.  As part of that conferral, the parties must assess whether redaction is a viable alternative to complete non-disclosure.  If the parties are unable to resolve the matter, the matter may be challenged by motion.  The parties must abide by the confidential designation until the matter is resolved by agreement of the parties or by the Court.

21.     The inadvertent failure to label a document, testimony, or other material as "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only" prior to disclosure shall not waive or forfeit the right to later designate the document, testimony, or other material as Confidential Information.  The parties, their counsel, and any others bound by the Protective Order shall not disclose such documents, testimony, or other material if the person

- 7 -

knows or reasonably should know that a claim of confidentiality would be made.  Promptly after receiving notice of a claim of confidentiality, the receiving parties, their counsel, or others bound by the Protective Order shall inform the designating party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

22.   Labeling of information or documents as "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only," or the failure to do so, will not constitute an admission regarding the confidentiality of information or documents.  The receiving parties may not introduce into evidence in any proceeding between the parties, other than in a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the disclosing party labeled or failed to label information or documents "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only," or otherwise designate them as Confidential Information.

23.   Except as provided herein, within ninety (90) days of the conclusion of this case (including any appeals), documents, discovery requests, discovery responses, transcripts, and

other materials, and all copies thereof, containing Confidential Information must be destroyed by persons in possession of such materials containing Confidential Information. Within ninety (90) days of the conclusion of this case (including any appeals), Plaintiffs' counsel and any other person in possession of documents, discovery requests, discovery responses, transcripts, or other materials containing Confidential Information must certify in writing that said items, and all copies thereof, containing Confidential Information have been destroyed.  Within ninety (90)

days of the conclusion of this case (including any appeals), Plaintiffs' counsel and any other

person in possession of documents, discovery requests, discovery responses, transcripts, or other

materials containing Confidential Information must also certify in writing that any documents

they or their attorneys or agents have created which contain Confidential Information derived

solely from those protected documents, discovery requests, discovery responses, transcripts, or

other materials have been destroyed. Notwithstanding the foregoing provisions of this paragraph,
no person is required to destroy any document that has been publicly filed with this Court or

with a court of appeals of competent jurisdiction in connection with this case; further, this

paragraph does not apply to the United States, its employees, its attorneys, or persons hired or

In the employ of its attorneys; or to this Court or its support personnel.

24.    If Plaintiffs receive a subpoena or similar request, or a court order, to produce,

disseminate, or transmit Confidential Information produced under this Protective Order to any

person or entity not authorized under this Protective Order to receive Confidential Information,

Plaintiffs' counsel shall notify counsel for the United States of the subpoena, request, or court

order  no less than 14 days prior to the production deadline set forth in the subpoena, request, or

court order so as to provide the United States sufficient time to object and seek a protective order

as necessary.  There shall be no disclosure after an objection has been made until the objection

has been resolved.  If Confidential Information produced under this Protective Order is required

by law or court order to be disclosed to a person or entity not identified herein as an authorized

individual, the person or entity receiving the Confidential Information shall, before receiving the

Confidential Information, be provided with a copy of this Protective Order and shall

acknowledge their agreement to comply with this Protective Order by signing a copy of the

attached acknowledgement form.  A copy of each such acknowledgement form must be provided

promptly after its execution to counsel for the United States.

25.  This Protective Order does not constitute any ruling on the question of whether any

particular document or category of information is properly discoverable and does not constitute

any ruling on any potential objection to the discoverability, relevance, or admissibility of any

document or information. Nor does this Protective Order constitute any ruling on the question of whether the United States may withhold any particular document or category of information on the basis of privilege.

26.    This Protective Order does not constitute a waiver of the parties' right to assert any privilege or protection—including but not limited to the attorney-client privilege, attorney work product, or law enforcement privilege—as to any materials disclosed pursuant to this Protective Order or otherwise.  Furthermore, inadvertent disclosure by Plaintiffs or the United States, its agencies, or its employees of any document or other material containing attorney-client communications, attorney work product, or other privileged information shall not constitute a waiver of the privilege for either that document or other material, or for the subject matter of that document or other material.  Except in the event that the requesting party disputes the claim of privilege, any documents the disclosing party deems to have been inadvertently disclosed and to be subject to a privilege shall, within five business days of notification, be returned to the producing party, or destroyed, at that party's option.  If the privilege claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

27.    Nothing in this Protective Order shall preclude the parties from seeking amendments to expand or restrict the rights of access to or use of materials designated "Subject to Protective Order" or "Subject to Protective Order - For Attorneys' Eyes Only," or other modifications, subject to order by the Court.

28.    The restrictions on disclosure and use of materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only," shall survive the conclusion of this action, and this Court shall retain jurisdiction to enforce the terms of this Protective Order.

29.    Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule, or the inherent power of the Court.

IT IS SO ORDERED.

- 10 -

Dated:_____          _____

                                        United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF TEXAS

HOUSTON DIVISION

BROOKE PEARACE, as next friend of U.V.,

a minor, and JUSTINA GARCIA,                    Civil Action No. 4:18-cv-3196

     Plaintiffs.

v.

FBI AGENT DOE,

et. al,

     Defendants.

ACKNOWLEDGEMENT OF PROTECTIVE ORDER

     I, _____, hereby acknowledge under penalty of perjury that I have read the Protective Order entered by this Court on _____, 2021.  I am familiar with the specific terms of the Protective Order and agree to be bound by its provisions.  I further understand that I am subject to the contempt powers of this Court for violations of the Protective Order.

     Executed on _____, 20__.

_____

Signature

_____

Printed Name