# United States Court of Appeals for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
*May 18, 2021*
Nathan Ochsner, Clerk of Court

United States Court of Appeals
Fifth Circuit
**FILED**
March 9, 2021
Lyle W. Cayce
Clerk

No. 20-20372

BROOKE PEARCE; JUSTINA GARCIA,

*Plaintiffs—Appellees*,

versus

FBI AGENT DOE,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3196

---

Before HIGGINBOTHAM, COSTA, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

The allegations in this case are indisputably tragic—a kidnapping victim lost his life at the hands of an FBI agent who tried to rescue him. The question presented is whether those allegations state a claim under the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20372

Fourth Amendment sufficient to overcome the agent's qualified immunity. The district court said yes. But the law says no. We reverse.[1]

I.

Because this case is still at the pleading stage, the following recitation comes from the plaintiffs' allegations. *See Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Ulises Valladares and his twelve-year-old son U.V. were at home when two men entered and demanded information about Ulises's brother. The assailants bound and gagged Ulises and U.V. with duct tape. Then they kidnapped Ulises and left U.V. behind. U.V. managed to escape to a neighbor's house and reported the situation to local law enforcement. The FBI assisted the kidnapping investigation.

One day into the FBI's investigation, Ulises's brother received a ransom call from the kidnappers. Law enforcement traced the call and used it to predict Ulises's location. A team of FBI agents including Agent Doe approached a home with their guns drawn and confirmed Ulises was bound inside. Agent Doe broke a window during the approach and pointed his gun through the opening. The gun discharged, and a bullet struck and killed Ulises.

Ulises's mother and sister ("Plaintiffs") sued in federal district court. Their Third Amended Complaint included an illegal-search-and-seizure claim against Agent Doe under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Fourth Amendment. It also included

---

[1] Judge Higginbotham would remand with instructions that the district court consider ordering the plaintiffs to file a reply tailored to qualified immunity. *See Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc).

No. 20-20372

state-law claims against Doe and the kidnappers, as well as a claim against the United States under the Federal Tort Claims Act.

Agent Doe moved to dismiss all claims against him under Federal Rule of Civil Procedure 12(b)(6). Doe argued that *Bivens* did not provide a cause of action, that the complaint failed to plead a plausible Fourth Amendment violation, and that Doe was entitled to qualified immunity in any event.

The district court disagreed and denied the motion to dismiss. It acknowledged "the lack of specific detailed facts" in the complaint and recognized that Agent Doe could have fired his weapon out of mere "negligence." But it held the factual paucity did not matter "because the evidence shows that a homicide was committed by Agent Doe." The district court rejected Doe's *Bivens* and Fourth Amendment arguments because "[c]learly, a person has a right under the federal Constitution to not be murdered." And it rejected Doe's qualified-immunity argument because "all reasonable officers would have known that the act of 'blindly' shooting through a window at an unidentified person[] violates the Constitution."

Agent Doe timely noticed an interlocutory appeal.

II.

We have jurisdiction to review the district court's denial of qualified immunity under the Supreme Court's collateral-order doctrine. *See Ashcroft v. Iqbal*, 556 U.S. 662, 671–72 (2009). Our jurisdiction also extends to legal issues "that are directly implicated by the defense of qualified immunity." *Garcia de la Paz v. Coy*, 786 F.3d 367, 371 (5th Cir. 2015) (quotation omitted). Such issues include "whether to recognize new *Bivens* claims," *id.* (citing *Wilkie v. Robbins*, 551 U.S. 537, 549 n.4 (2007)), and "whether [a] complaint has the heft to state a claim," *Iqbal*, 556 U.S. at 674 (quotation omitted). Both those issues matter here. We address each in turn.

No. 20-20372

A.

The Supreme Court has told us that the availability of a *Bivens* claim is a question "'antecedent' to . . . other questions" like the existence of a constitutional violation or the applicability of qualified immunity. *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam) (quoting *Wood v. Moss*, 572 U.S. 744, 757 (2014)). Agent Doe addressed this antecedent question in his motion to dismiss. The district court rejected Agent Doe's *Bivens* argument. So one might reasonably expect that it would be part of Doe's appeal. *See Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (noting *Bivens* "was the product of an '*ancien regime*' that freely implied rights of action" and that "ended long ago" (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017)), *pet. for cert. filed* (Jan. 29, 2021) (No. 20-1060).

Inexplicably, Agent Doe did nothing to raise the *Bivens* problem in our court. So we do not reverse the district court on that ground. *Cf. Iqbal*, 556 U.S. at 675 (questioning the availability of a *Bivens* claim before "assum[ing] without deciding[] that respondent's First Amendment claim is actionable under *Bivens*" because "Petitioners d[id] not press th[e] argument" on appeal). We therefore proceed to ask whether Plaintiffs adequately pleaded a claim under the Fourth Amendment.

B.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted that language to require pleadings that "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* Plausibility does not require "detailed factual allegations," but "labels and conclusions," "formulaic recitation[s]," and "naked assertions devoid of further factual enhancement" will not do. *Id.* (quotations omitted). Pleading facts that are "merely consistent with" a defendant's liability is also insufficient. *Twombly*, 550 U.S. at 557.

To plausibly state a claim for excessive force in violation of the Fourth Amendment, Plaintiffs must allege an *intentional* seizure (among other things). *See Brower v. County of Inyo*, 489 U.S. 593, 596–97 (1989) (determining from the original public meaning of the Fourth Amendment that a "seizure" occurs "only when there is a governmental termination of freedom of movement *through means intentionally applied*" (emphasis in original)); *Gorman v. Sharp*, 892 F.3d 172, 173–74 (5th Cir. 2018) (reversing the district court's denial of qualified immunity to a defendant who accidentally shot a fellow agent because "there is no Fourth Amendment violation in the absence of intentional conduct"); *Childress v. City of Arapaho*, 210 F.3d 1154, 1157 (10th Cir. 2000) (holding that police "did not 'seize' plaintiffs within the meaning of the Fourth Amendment" when they accidentally shot the hostages while making "every effort to deliver them from unlawful abduction"). If the Plaintiffs allege a violation of the Fourth Amendment, then we must consider whether they allege a violation of clearly established law sufficient to overcome FBI Agent Doe's qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 243–45 (2009).

Here, the only plausible reading of the allegations is that Doe accidentally shot Ulises while trying to help him by ending the hostage situation. Such accidental conduct does not result in a Fourth Amendment seizure. *See Brower*, 489 U.S. at 596; *Gorman*, 892 F.3d at 175; *Childress*, 210 F.3d at 1157. As a result, Plaintiffs have not alleged a violation of the Fourth Amendment. And even if *arguendo* Plaintiffs could allege a violation of the Fourth Amendment, *cf. Milstead v. Kibler*, 243 F.3d 157, 163–64 (4th Cir.

2001), *abrogated on other grounds by Pearson*, 555 U.S. at 235, they have not come close to doing so in a way that overcomes Agent Doe's qualified immunity.

We REVERSE the district court's denial of qualified immunity and REMAND with instructions to dismiss Plaintiffs' Fourth Amendment claim.[2]

---

[2] Plaintiffs filed a motion to dismiss Agent Doe's appeal as frivolous. As explained above, the appeal is not frivolous. In fact, it is meritorious. Plaintiffs' motion to dismiss is therefore DENIED. Plaintiffs also filed a motion for attorney's fees. That motion is DENIED.