IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BROOKE PEARCE, as next of friend of U.V., a minor, and JUSTINA GARCIA, <br><br>*Plaintiffs*, <br><br> v. <br><br> FBI AGENT DOE, *in his individual capacity*, <br> NICHOLAS CHASE CUNNINGHAM; <br> SOPHIA PEREZ HEATH; <br> JIMMY TONY SANCHEZ; <br> DELIA GUALDINA VELASQUEZ; and <br> THE UNITED STATES, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:18-cv-3196 |

## MOTION TO QUASH PLAINTIFFS' CROSS NOTICE DEPOSITIONS

Defendant, the United States, hereby files this motion to quash the Plaintiff's cross notice to depose Justina Garcia.

On February 1, 2024, Defendant requested dates to take Justina Garcia's deposition. Ex. A. On February 24, 2024, Defendant noticed Justina Garcia's deposition and issued a subpoena for an in-person deposition at the U.S. Attorney's Office on April 1, 2024, at 10:00am. Ex. B. Counsel for Ms. Garcia contacted counsel for Defendant on March 25, 2024, to request that Ms. Garcia's deposition occurred via zoom because, allegedly, it is hard for Ms. Garcia to come into the country without a long notice. Ex. C. Even though Ms. Garcia had four (4) weeks to plan to come into the country, and Defendant greatly preferred to depose her in person, Defendant agreed to try and change the deposition to a virtual one for her

convenience. Ex. C. Defendant was able to change the in-person deposition to a virtual one.

The night before Ms. Garcia's deposition, at 9:35PM, counsel for Plaintiff Valladares served undersigned counsel with a cross-notice to depose Ms. Garcia, at the Law Office of Attorney Randall Kallinen, at 9:00am the next day. Ex. D. Counsel noticed this deposition less than twelve hours before it was set to start. Counsel for Plaintiffs **never** conferred with defense counsel about scheduling Ms. Garcia deposition, noticing a cross-deposition, nor did they confer with defense counsel about dates, times, and locations.

Federal Rule of Civil Procedure 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "And while Rule 30(b)(1) does not define 'reasonable written notice,' courts within the Fifth Circuit have held that at least ten days is normally required." *NRA of Am. v. Ackerman McQueen, Inc.*, 2023 U.S. Dist. LEXIS 232658, *5-6 (N.D. Tex. Jun. 2023) *See, e.g., Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, 2010 U.S. Dist. LEXIS 28708, 2010 WL 1252328, at *3 (M.D. La. Mar. 24, 2010) (holding that notices "served on February 8 for depositions to be taken on February 11-15" were not reasonable notice); *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, 2008 U.S. Dist. LEXIS 11721, 2008 WL 449972, at *2 (E.D. La. Feb. 14, 2008) (noting the court previously held that four business days is not "reasonable written notice") (citing *Auto Club Family Ins. v. Provosty*, 2006 U.S. Dist. LEXIS 62995, 2006 WL 2568054, at *2 (E.D. La. Sept. 5, 2006)); *Cleveland v. Coldwell Banker Real Est. Corp*, 2008 U.S. Dist. LEXIS 123432, 2008 WL 141195, at *1 (N.D. Miss. Jan. 10, 2008) ("This court has routinely held that 'reasonable written notice' should be at least 10 calendar days."); *see also Reedy v. CITGO Petroleum Corp.*, 2011 U.S. Dist. LEXIS 172711, 2011 WL

13350687, at *6 (S.D. Tex. Dec. 1, 2011) (holding that a 15-day notice of the depositions at issue was sufficient).

No Court, has, or would find, that less than twelve (12) hours before the start of the deposition is sufficient notice. Especially given that that noticing party never attempted to confer with defense counsel to schedule the deposition.

Additionally, Plaintiff noticed the deposition to occur at the Law Office of Attorney Randall Kallinen. Meaning Plaintiff's inexcusably late notice would require defense counsel to travel to the law office to in time to participate in the deposition, then leave and return to her own office in time to start the zoom deposition that Plaintiff Garcia requested, and for which Defendant is paying. Ms. Garcia is the one that requested a zoom deposition, forcing Defendant to choose between attending Plaintiff's untimely deposition at the Law Office of Randall Kallinen, or attend the deposition that they timely noticed almost six (6) weeks ago, properly subpoenaed, and hired a stenographer, videographer, and translator.

Plaintiff counsel's behavior is just another example of them making the litigation process unnecessarily burdensome on Defendant and their counsel by refusing to engage in discovery until compelled to by Court filing, Dkt. 90 and Dkt. 100, refusing to meaningful engage in meet and confers, failing to provide expert reports, Dkt. 99, and even failing to present party deponents for properly noticed depositions.

By serving this notice less than twelve (12) hours before the commencement of the deposition, this is just another attempt of Plaintiffs to actively defy discovery rules at the prejudice of Defendant. Therefore, Plaintiff's cross notice to depose Justina Garcia should be quashed.

## CONCLUSION

Plaintiff failed to comply with discovery rules. As such, Defendant's motion to quash Plaintiff's cross notice to depose Justina Garcia should be granted.

Respectfully Submitted,

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By: /s/ Ariel N. Wiley
 Ariel N. Wiley
 Assistant United States Attorney
 Texas Bar No. 24093366
 Federal ID No. 2554283
 1000 Louisiana, Suite 2300
 Houston, Texas 77002
 Telephone: (713) 567-9000
 Facsimile: (713) 718-3303
 Email: ariel.wiley@usdoj.gov

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I certify that Plaintiffs did not serve the notice to undersigned counsel until 9:35PM, via email, until April 2, 2024. The deposition is scheduled for 9:00am, less than 12 hours later. Due to the late hour of service, counsel was unable to have a meaningful meet and confer regarding this motion. Undersigned counsel assumes Plaintiffs' counsel is opposed.

/s/ Ariel N. Wiley
Ariel N. Wiley
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on April 2, 2024, the foregoing pleading was filed with the Court through the Court's CM/ECF system on all parties and counsel registered with the Court CM/ECF system.

/s/ *Ariel N. Wiley*
Ariel N. Wiley
Assistant United States Attorney