UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSALINDA MEDINA,<br>*Plaintiff*, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CASE NO. 4:21-cv-00092 |
| THE UNITED STATES,<br>*Defendant*. | §<br>§<br>§<br>§ | |

## DEFENDANT'S MEMORANDUM OF LAW

Pursuant to the Court's Scheduling Order, this Court's Local Rules, and the Federal Rules of Civil Procedure, Defendant United States of America proposes the following memorandum of law.

Dated: October 7, 2024

Respectfully Submitted,

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By: */s/ Ariel N. Wiley*
Ariel N. Wiley
Assistant United States Attorney
Texas Bar No. 24093366
Federal ID No. 2554283
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9000
Facsimile: (713) 718-3303
Email: ariel.wiley@usdoj.gov

ATTORNEY FOR DEFENDANT

# TABLE OF CONTENTS

Table of contents ............................................................................................................................. II

Table of authorities ....................................................................................................................... III

Introduction ......................................................................................................................................1

Overview of the Law for the Discretionary Function Exception ..............................................1

    I.     Standard. ...............................................................................................................................1

        A.    There is No Subject Matter Jurisdiction Here Because the Discretionary Function Exception Preserves Sovereign Immunity ................................................................1

        B.    The Federal Tort Claims Act preserves sovereign immunity for discretionary functions. 2

Overview of the Law for FTCA Claims ........................................................................................5

    I.     Standard. ...............................................................................................................................5

    II.    Negligence. ..........................................................................................................................5

    III.   Damages. .............................................................................................................................6

Argument ..........................................................................................................................................8

    I.     Plaintiffs' complaint does not overcome the discretionary function exception. .....................8

    II.    Plaintiffs do not have any evidence of duty. ........................................................................10

    III.   Plaintiffs do not have any evidence of breach. .....................................................................10

    IV.   Plaintiffs do not have any evidence of their alleged damages. ............................................10

Conclusion ......................................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Andrade v. United States*,
  116 F. Supp. 2d 778 (W.D. Tex. 2000) .................................................................................. 4

*Berkovitz v. United States*,
  486 U.S. 531 (1988) ............................................................................................................ 2, 3

*Block v. North Dakota ex rel. Bd. 335 of Univ. & Sch. Lands*,
  461 U.S. 273 (1983) ................................................................................................................ 1

*Burlington N. R.R. Co. v. Woods*,
  480 U.S. 1 (1987) .................................................................................................................... 7

*Dickerson ex rel. Dickerson v. United States*,
  280 F.3d 470 (5th Cir. 2002) .................................................................................................. 5

*F.D.I.C. v. Meyer*,
  510 U.S. 471 (1994) ................................................................................................................ 1

*Freeman v. United States*,
  556 F.3d 326 (5th Cir. 2009) .................................................................................................. 2

*Golden Eagle Archery, Inc. v. Jackson*,
  116 S.W.3d 757 (Tex. 2003) .................................................................................................. 7

*Gonzalez v. Inter Mexicana De Transporte S.A. de C.V.*,
  No. 5:19-CV-156, 2021 WL 3821048 (S.D. Tex. Apr. 22, 2021) ......................................... 7

*Gonzalez v. U.S.*,
  814 F.3d 1022 (9th Cir. 2016) ................................................................................................ 4

*Gonzalez v. United States*,
  851 F.3d 538 (5th Cir. 2017) .................................................................................................. 2

*Guevara v. Ferrer*,
  247 S.W.3d 662 (Tex. 2007) .................................................................................................. 6

*Gunn v. McCoy*,
  554 S.W.3d 645 (Tex. 2018) .................................................................................................. 7

*Hamburger v. State Farm Mut. Auto. Ins. Co.*,
  361 F.3d 875 (5th Cir. 2004) .................................................................................................. 6

*Henry v. Fiesta Mart, LLC*,
   No. CV H-20-4011, 2021 WL 4427244 (S.D. Tex. Sept. 27, 2021)......................................7

*Hernandez v. Morales*,
   No. 7:13-CV-234, 2014 WL 794201 (S.D. Tex. Feb. 25, 2014)............................................8

*Kelly v. United States*,
   924 F.2d 355 (1st Cir.1991).......................................................................................................4

*Koko Motel, Inc. v. Mayo*,
   91 S.W.3d 41 (Tex. App.—Amarillo 2002, pet. Denied)....................................................7

*Latham v. Castillo*,
   972 S.W.2d 66 (Tex.1998) .........................................................................................................7

*Lively v. United States*,
   870 F.2d 296 (5th Cir. 1989)....................................................................................................4

*M.D.C.G. v. United States*,
   956 F.3d 762 (5th Cir. 2020)....................................................................................................4

*McElroy v. United States*,
   861 F. Supp. 585 (W.D. Tex. 1994) .......................................................................................3

*Monsanto Co. v. Johnson*,
   675 S.W.2d 305 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e) ...........................6

*Nichols v. United States*,
   2022 WL 989467 (5th Cir. 2022).............................................................................................3

*Passmore v. Baylor Health Care Sys.*,
   823 F.3d 292 (5th Cir. 2016)....................................................................................................7

*Pool v. J.B. Hunt Transp., Inc.*,
   2019 WL 2583821 (S.D. Tex. Jan. 30, 2019) ........................................................................5

*Serv. Corp. Int'l v. Aragon*,
   268 S.W.3d 112 (Tex. App.—Eastland 2008, pet. denied).................................................7

*Snyder v. U.S.*,
   990 F. Supp. 2d 818 (S.D. Ohio 2014) ..................................................................................4

*Spotts v. United States*,
   613 F.3d 559 (5th Cir. 2010)....................................................................................................3

*Tsolmon v. United States*,
   841 F.3d 378 (5th Cir. 2016)....................................................................................................3

*United States v. Gaubert*,
   499 U.S. 315 (1991) .................................................................................................... 2, 3

*United States v. Varig Airlines*,
   467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984) ....................................................2

*West Start Transportation, Inc. v. Robison*,
   457 S.W.3d (Tex. App—Amarillo 2015)..........................................................................6

*Wheat v. United States*,
   860 F.2d 1256 (5th Cir. 1988) ..........................................................................................6

Statutes

28 U.S.C. § 1346(b) ............................................................................................................... 1, 5
28 U.S.C. § 1346(b)(1) ...............................................................................................................1
28 U.S.C. § 1961 ........................................................................................................................6
28 U.S.C. § 2674 ............................................................................................................... 1, 5, 6
28 U.S.C. § 2675(b) ...................................................................................................................5
28 U.S.C. § 2680(a) ...................................................................................................................2
31 U.S.C. § 1304 ........................................................................................................................6
8 U.S.C. § 1346(b) .....................................................................................................................5
Tex. Civ. Prac. & Rem. Code § 41.001(8) .................................................................................6
Texas Civil Practice & Remedies Code § 18.001.......................................................................6
U.S.C. § 2678 .............................................................................................................................7

Rules

Fed. R. Evid. 802 .......................................................................................................................7

## INTRODUCTION

1. This case involves a claim against the United States for alleged injuries caused by the alleged negligent or wrongful act or omission of any Government employee. 28 U.S.C. § 1346(b)(1).

2. On January 18, 2018, the Federal Bureau of Investigation attempted to rescue Ulises Valladares who had been kidnapped by Defendants Cunningham, Heath, Sanchez, and Velasquez.

3. Ulises Valladares was accidentally shot by FBI Agent Doe during the rescue attempt; he died shortly thereafter.

4. Plaintiffs Ulysses Valladares, Ulises' son, and Justina Garcia, Ulises' mother, are suing the United States alleging liability under the Federal Tort Claims Act.

5. Defendant denies committing any wrongful or negligent act, and further contends that Plaintiffs failed to plead a claim against the United States that the Court has subject matter jurisdiction over.

## OVERVIEW OF THE LAW FOR THE DISCRETIONARY FUNCTION EXCEPTION

I. Standard.

A. There is No Subject Matter Jurisdiction Here Because the Discretionary Function Exception Preserves Sovereign Immunity

Sovereign immunity provides that the United States of America cannot be sued without the consent of Congress. *Block v. North Dakota ex rel. Bd. 335 of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act (FTCA) waives sovereign immunity for certain negligent or wrongful acts or omissions of a federal employee while acting within the scope of his employment. 28 U.S.C. § 1346(b). Through an FTCA action, a plaintiff may recover against the United States "in the same manner and to the same extent as a private individual under like circumstances under substantive law." 28 U.S.C. § 2674. But the FTCA provides

exceptions to its general waiver of sovereign immunity. One such exception is found in 28 U.S.C. § 2680(a), which preserves sovereign immunity for certain discretionary acts.

### B. The Federal Tort Claims Act preserves sovereign immunity for discretionary functions.

Sovereign immunity is not waived under the FTCA over any claim "based upon the exercise of performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). In other words, the discretionary function exception is a "form of retained sovereign immunity." *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). "[T]he purpose of the exception is to 'prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984)). The exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984). "[T]he question of whether the government was negligent is irrelevant" to the application of the discretionary function exception. *Gonzalez v. United States*, 851 F.3d 538, 544 (5th Cir. 2017) (citation and internal quotations omitted).

In applying the discretionary function exception to a case, the U.S. Supreme Court established a two-prong test. *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (quoting *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). First, the acts that are discretionary in nature must "involve an element of judgment or choice." *Id.* Second, the "judgment is of the kind that the discretionary function exception was designed to shield." *Id.*

i. The conduct at issue involves an element of judgment or choice, satisfying the first prong.

Under the first prong of the discretionary function test, the conduct must be a "matter of choice for the acting employee." *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954. Conduct is discretionary unless a "federal statute, regulation of policy specifically prescribes a court of action from an employee to follow because the employee has no rightful option but to adhere to the directive.'" *Id.* "In other words, officers are unprotected only when they use their discretion to act in violation of a statute or policy that specifically directs them to act otherwise." *Tsolmon v. United States*, 841 F.3d 378, 384 (5th Cir. 2016). And the plaintiffs "bear[] the burden of pointing to relevant authority to show the conduct was not a choice." *Nichols v. United States*, 2022 WL 989467, at *2 (5th Cir. 2022).

The Third Amended Complaint is devoid of any reference to a statute or policy showing that the FBI did not have a choice on how it executed an emergency hostage rescue. Plaintiffs have not pointed to relevant authority supporting their contentions that the FBI improperly trained and disciplined agents or used improper techniques and strategies in conducting a hostage rescue operation. The lack of relevant authority shows that these decisions were a matter of choice, satisfying the first prong.

ii. The FBI's judgment in conducting a hostage rescue is of the kind that the exception was designed to shield, satisfying the second and final prong.

Under the second prong of the discretionary function test, the judgment at issue must be of the kind that the discretionary function exception was designed to shield. *Gaubert*, 499 U.S. at 322. "The proper inquiry under prong two is not whether [the employee] in fact engaged in a policy analysis when reaching his decision but instead whether his decision was "susceptible to policy analysis." *Spotts v. United States*, 613 F.3d 559, 572 (5th Cir. 2010). "In general, because it is the mandatory duty of law enforcement agents to enforce the law, decisions as to how to best fulfill that duty are protected by discretionary function." *McElroy v. United States*, 861 F. Supp. 585, 591 (W.D. Tex. 1994)

3

The actions and omissions that Plaintiffs complain of are the type that have been held to be barred by the discretionary function exception. Disciplining and retaining officers encompasses supervisory judgments of the type that the discretionary function exception was meant to guard. *See e.g.*, *M.D.C.G. v. United States*, 956 F.3d 762, 772 (5th Cir. 2020) ("We agree with other circuits that have held that federal employees' supervision of subordinates involves the kind of judgment that the discretionary function exception was meant to protect."); *Snyder v. U.S.*, 990 F. Supp. 2d 818 (S.D. Ohio 2014) ("FBI's decisions regarding investigation, choosing of its agents, and training and supervising them were discretionary in nature[.]"); *Kelly v. United States*, 924 F.2d 355, 362 (1st Cir.1991) ("'Since decisions to investigate, or not, are at the core of law enforcement activity,' said conduct is the type of 'policy-rooted decision making that section 2680(a) was designed to safeguard.'"); *Lively v. United States*, 870 F.2d 296, 297-98 (5th Cir. 1989) ("[T]here is no requirement that the decisions made by law enforcement officers during the investigation or prosecution of a case must be correct to fall within the discretionary function exception."). Planning and executing a hostage rescue operation, including the use of specific equipment, also implicates decisions susceptible to policy analysis. *Gonzalez v. U.S.*, 814 F.3d 1022 (9th Cir. 2016) ("FBI's judgment about how to respond to reported threat and how extensively to disclose information to other law enforcement organizations implicated many risks, all of which required weighing in accordance with FBI's social and public policy judgments."); *Andrade v. United States*, 116 F. Supp. 2d 778, 788 (W.D. Tex. 2000), *aff'd sub nom. Andrade v. Chojnacki*, 338 F.3d 448 (5th Cir. 2003) ("The decisions as to the type of equipment to be utilized fall within the exception because they are "susceptible to policy analysis."); *see also Gonzalez*, 814 F.3d at 1037 (noting that while the court may wonder what could have been done differently by law enforcement to prevent the tragic deaths in that case, the court is "not charged with passing upon the wisdom of the government's exercise of discretion.").

4

**OVERVIEW OF THE LAW FOR FTCA CLAIMS**

    I.     Standard.

This case is governed by the Federal Tort Claims Act (FTCA) and Texas substantive law. *See* 28 U.S.C. § 1346(b) (making the United States liable under the FTCA "in accordance with the law of the place where the act or omission occurred"). The FTCA provides a limited waiver of sovereign immunity, authorizing plaintiffs to bring civil lawsuits exclusively in federal court if the claim is (1) against the United States; (2) for money damages; (3) for injury to or loss of property, or personal injury or death; (4) caused by a federal employee's negligent or wrongful act or omission; (5) while acting within the scope of his or her office or employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the law of the place where the act or omission occurred. 8 U.S.C. § 1346(b). Where the FTCA applies, the United States may be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Where the FTCA applies, the United States may be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Plaintiff is bound by the amount of damages asserted in the SF-95 form filed with the Department of Homeland Security. 28 U.S.C. § 2675(b); *Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 475 (5th Cir. 2002).

As a matter of law, Plaintiff may not recover any damages that exceed the amount initially requested when they submitted claims to the agency to satisfy the FTCA's exhaustion required. 28 U.S.C. 2675(b); *Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 475 (5th Cir. 2002).

    II.     Negligence.

To sustain a negligence action under Texas law, Plaintiffs must produce evidence of (1) a legal duty owed by the Defendant to the Plaintiffs; (2) a breach of that duty, and (3) damages proximately caused by that breach. *See Pool v. J.B. Hunt Transp., Inc.*, 2019 WL 2583821, at *1 (S.D. Tex. Jan. 30,

5

2019) (listing elements). The "causal nexus" for proximate cause "consists of two elements, cause-in-fact and foreseeability." *West Start Transportation, Inc. v. Robison*, 457 S.W.3d at 185 (Tex. App—Amarillo 2015). Expert medical evidence is required to prove causation unless competent evidence supports a finding that the conditions in question, the causal relationship between the conditions and the accident, and the necessity of the particular medical treatments for the conditions are within the common knowledge and experience of laypersons. *Guevara v. Ferrer*, 247 S.W.3d 662, 663 (Tex. 2007).

    III.    Damages.

Under the FTCA, any recovery is limited to compensatory damages. *See* 28 U.S.C. § 2674; *Wheat v. United States*, 860 F.2d 1256, 1263 (5th Cir. 1988). Under Texas law, "compensatory damages" means economic and noneconomic damages. Tex. Civ. Prac. & Rem. Code § 41.001(8). As a matter of law, Plaintiff is not entitled to prejudgment awards. The FTCA precludes prejudgment interest awards. 28 U.S.C. § 2674. As a matter of law, Plaintiff is not entitled to punitive damages. The FTCA precludes punitive damages. 28 U.S.C. § 2674. Plaintiff is not entitled to post judgment interest. The FTCA limits post judgment interest only under the circumstances listed in 31 U.S.C. § 1304 and 28 U.S.C. § 1961, which are inapplicable here.

Under Texas law, plaintiff bears the burden of proving the actual amount, necessity, and reasonableness of their past medical expenses. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004); *Monsanto Co. v. Johnson*, 675 S.W.2d 305, 312 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e). A claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary. *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004) (citation omitted).

Plaintiffs cannot use Texas Civil Practice & Remedies Code § 18.001 affidavits to prove the reasonableness and necessity of their medical costs. "A federal court entertaining state law claims cannot apply a state law or rule if (1) the state law or rule directly collides with a Federal Rule of Civil

6

Procedure and (2) the Federal Rule represents a valid exercise of Congress' rulemaking authority." *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 296 (5th Cir. 2016) (cleaned up) (citing *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987). "Because there is no federal hearsay exemption or exception that applies to § 18.001 affidavits, § 18.001 'directly collides' with Fed. R. Evid. 802." *Gonzalez v. Inter Mexicana De Transporte S.A. de C.V.*, No. 5:19-CV-156, 2021 WL 3821048, at *4 (S.D. Tex. Apr. 22, 2021).

To sustain an award of future medical expenses, Plaintiff "must present evidence to establish that in all reasonable probability, future medical care will be required and the reasonable cost of that care[.]" *Gunn v. McCoy*, 554 S.W.3d 645, 671 (Tex. 2018). To prove entitlement to lost wages, Plaintiffs must show loss of income due to inability to work between the time of injury and the time of trial. *Koko Motel, Inc. v.* Mayo, 91 S.W.3d 41, 51 (Tex. App.—Amarillo 2002, pet. Denied). To prove lost earning capacity, Plaintiff must show their capacity to earn in the future even if he or she had not worked in that capacity in the past. *Henry v. Fiesta Mart, LLC*, No. CV H-20-4011, 2021 WL 4427244, at *4 (S.D. Tex. Sept. 27, 2021).

Under the FTCA, attorneys' fees are statutorily limited, and attorneys cannot "charge, demand, receive, or collect for services rendered" more than 25 perfect of a judgment or a settlement of suit in litigation. 28 U.S.C. § 2678. To obtain damages for physical impairment, "the effect of any physical impairment must be substantial and extend beyond any pain, suffering, mental anguish, lost wages or diminished earning capacity and that a claimant should not be compensated more than once for the same elements of loss or injury." *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 772 (Tex. 2003). "Mental anguish requires more than mere worry, anxiety, vexation, embarrassment, or anger. Instead, a plaintiff must show a high degree of mental pain and distress." *Serv. Corp. Int'l v. Aragon*, 268 S.W.3d 112, 119 (Tex. App.—Eastland 2008, pet. denied) (citing *Latham v. Castillo*, 972 S.W.2d 66, 70 (Tex.1998)).

The general rule in Texas is that "a cause of action to recover medical expenses incurred by a minor child through the date the child attains majority and for the loss of services and earnings of an unemancipated minor belongs to the child's parents." The reason behind this policy is that the parent is responsible for medical expenses incurred before the child reaches the age of majority. However, after the age of majority, the child bears legal responsibility for medical expenses. The parent cannot recover for medical expenses incurred after the age of majority, while the child cannot recover for medical expenses incurred before. *Hernandez v. Morales,* No. 7:13-CV-234, 2014 WL 794201, at *3 (S.D. Tex. Feb. 25, 2014).

## ARGUMENT

I.   Plaintiffs' complaint does not overcome the discretionary function exception.

Plaintiffs' FTCA claims against the United States complain of acts or omissions that are discretionary functions of the FBI. Specifically, the Third Amended Complaint alleges that the FBI committed the following acts or omissions:

- "failed to discipline and retrain officers in situations where suspects and other [sic] were shot by agents,"
- "[failed to] ascertain the location of any kidnapper in the house,"
- "failed to assess the danger level,"
- "failed to instruct FBI Agent Doe and the other FBI agents in the proper techniques to prevent unnecessary injury and death,"
- "used a gun to break a window,"
- "failed to properly identify themselves,"
- "failed to identify Ulises to FBI agents,"
- "pointed a gun unnecessarily at Ulises,"
- "put a finger on the trigger of weapon when not justified,"
- "failed to retreat, and other acts."

Third Amended Complaint, ¶ 30. Plaintiffs further allege that "FBI agents including FBI Agent Doe were improperly trained and disciplined and used improper techniques and strategies resulting in the suffering and death of Ulises." Third Amended Complaint, ¶ 63. The above acts directly implicate the

8

FBI's discretion to execute and operate a hostage rescue operation. And the Third Amended Complaint points to no federal statute, regulation, or policy that specifically prescribes a course of action that the FBI failed to follow.

All the alleged conduct involves an element of judgment or choice. The Third Amended Complaint is devoid of any reference to a statute or policy showing that the FBI did not have a choice on how it executed an emergency hostage rescue. Plaintiffs have not pointed to relevant authority supporting their contentions that the FBI improperly trained and disciplined agents or used improper techniques and strategies in conducting a hostage rescue operation. The lack of relevant authority shows that these decisions were a matter of choice, satisfying the first prong.

As the cases above have noted, the execution of law enforcement activities, involve discretionary decisions on how to best allocate resources, investigate dangerous situations, and protect the agents involved. Here, the investigation of the kidnapping and the deployment of a SWAT team involves policy judgments central to the executive branch, which would involve a review of the reliability of the information, the crime itself, and the agency's mission and resources. And the execution of the hostage rescue requires policy judgments that consider the agents' safety and protection in the face of the perceived danger of the situation. But Plaintiffs' lawsuit would invite judicial second-guessing of how the FBI should conduct hostage operations in emergency situations. Namely, Plaintiffs, without citing to any supporting authority, are attempting to second guess a decision to use a gun to break a window, the FBI's investigation into the location of the hostage, the FBI's assessment of the danger of the operation, and the supervision of agents. All these decisions are susceptible to a policy analysis. Thus, the second prong is met because Plaintiffs complain of conduct susceptible to policy analysis that is protected by the discretionary function exception.

Therefore, all of Plaintiffs' claims are barred under the discretionary function exception.

II. Plaintiffs do not have any evidence of duty.

Plaintiffs failed to produce any evidence of what duty, if any, the United States has that is not already barred under the discretionary function exception. As such, Plaintiffs negligence claim fails.

III. Plaintiffs do not have any evidence of breach.

Even if their case is not barred and there is a duty, Plaintiffs do not have any evidence that the United States breached a duty. Plaintiffs do not have any witnesses, expert of otherwise, to testify regarding what the standard is, and which of the United States' actions, if any, breached that duty. As such, Plaintiffs' case should be dismissed.

IV. Plaintiffs do not have any evidence of their alleged damages.

Plaintiffs have not produced any evidence of their alleged damages. Plaintiffs have no evidence of loss of financial support, funeral expenses, earning capacity, physical impairment, physical pain. Furthermore, Ulysses Valladares, through counsel, refused to participate in discovery. So, there is no evidence of mental anguish, emotional pain, and loss of enjoyment of life. Plaintiff Garcia was unable to articulate that she had any alleged damages, and her paid expert, through counsel, refused to participate in discovery, and testify. As such, there is no evidence that Plaintiffs have any damages, and the case should be dismissed.

## CONCLUSION

Plaintiffs claim is barred by the discretionary function exception and even if it wasn't, they will not be able to meet her burden of proof to show negligence on the behalf of the United States. Plaintiffs do not have evidence to show negligence, nor do they have evidence of their alleged damages. Accordingly, the Court should enter judgment in the Government's favor and rule that Plaintiffs take nothing.

Respectfully Submitted,

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By: /s/ *Ariel N. Wiley*
    Ariel N. Wiley
    Assistant United States Attorney
    Texas Bar No. 24093366
    Federal ID No. 2554283
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone: (713) 567-9000
    Facsimile: (713) 718-3303
    Email: ariel.wiley@usdoj.gov

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on October 7, 2024, Defendant's Memorandum of Law was filed with the Court through the Court's CM/ECF system on all parties and counsel registered with the Court CM/ECF system.

/s/ *Ariel N. Wiley*
Ariel N. Wiley