IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BROOKE PEARCE, as next of friend of U.V., a minor, and JUSTINA GARCIA, | § § § | |
| Plaintiffs, | § § § § | |
| v. | § § § | Civil Action No. 4:18-cv-3196 |
| FBI AGENT DOE, *in his individual capacity*, NICHOLAS CHASE CUNNINGHAM; SOPHIA PEREZ HEATH; JIMMY TONY SANCHEZ; DELIA GUALDINA VELASQUEZ; and THE UNITED STATES, | § § § § § § § § § § | |
| Defendants. | § | |

## **DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED EXHIBIT LIST**

Defendant, hereby, provides the following objections to Plaintiff's proposed exhibit list.

**Autopsy of Ulises Valladares**

Fed. R. Evid. 401 and 403
Fed. R. Evid. 801

Defendant objects to the autopsy because the record contains narratives and conclusions that are inadmissible hearsay. This record is also not relevant pursuant to Fed. R. Evid. 401. There are no facts at issue in this case that can be answered by anything in the autopsy. Furthermore, the autopsy is an incredibly technical document that contains medical information, forensics, and evaluation of weaponry. This information requires a witness with personal knowledge for each of these categories, and who is qualified to explain it on the witness stand. Without that information, the record would require the Court and counsel to speculate at the meaning of these information in the record, making the record substantially more prejudicial than it is probative under Fed. R. Evid. 403. As such, even if

this report is relevant, and is not hearsay, it should not be preadmitted. It should only be admitted if a qualified witness lays the foundation for each portion of the record.

**Medical Records Justina Garcia**

Fed. R. Civ. P. 26 (a)(1)(A)
Fed. R. Civ. P. 37(c)(1)
Fed. R. Evid. 403
Fed. R. Evid. 801 and 805

Defendant objects to Plaintiff Garcia's medical records because Plaintiffs did not disclose any medical records for Garcia. Defendant further objects to these records as inadmissible hearsay, and hearsay within hearsay. The records themselves are hearsay that do not fall under any exception. Furthermore, to the extent that the records contain written statements that are hearsay within hearsay. Finally, medical records are technical in nature and cannot be interpreted by the Court or a lay witness. Without a witness to take the stand and explain the contents of the record, they are substantially more prejudicial than probative under Fed. R. Evid. 403. As such, even if they are not hearsay, they should not be preadmitted, and should only be admitted into evidence if there is a qualified witness, who can explain the technical nature of the records, to lay the foundation.

**Medical Records of Ulysses Valladares (U.V.)**

Fed. R. Evid. 403
Fed. R. Evid. 801 and 805

Defendant objects to these records as inadmissible hearsay, and hearsay within hearsay. The records themselves are hearsay that do not fall under any exception. Furthermore, the records all full of written statements that are hearsay within hearsay. The records are also technical in nature and cannot be interpreted by the Court or a lay witness. Without a witness to take the stand and explain the contents of the record, they are substantially more prejudicial than probative under Fed. R. Evid. 403. As such, even if they are not hearsay, they should not be preadmitted, and should only be admitted

into evidence if there is a qualified witness, who can explain the technical nature of the records, to lay the foundation.

**Deposition of Hawkins Bates 3311**

Fed. R. Evid. 401
Fed. R. Evid. 801

Defendant objects to this exhibit in its entirety as inadmissible hearsay. Depositions are only admissible if the witness is unavailable under Fed. R. Evid. 804. This witness is out of the subpoena power of the Court and is unavailable. However, Agent Hawkins deposition includes some hearsay and some testimony that is not relevant. If Plaintiffs identify which lines of the deposition they want to admit, then Defendant can respond with any objections to those specific lines. Until then, however, simply admitting the entirety of Hawkins deposition with result in the admission of irrelevant testimony and hearsay, pursuant to Fed. R. Evid. 401 and 801 respectively and prevent Defendant from providing its own deposition designations in response.

**Deposition of Agent Doe**

Fed. R. Evid. 801 and 804

Defendant objects to this exhibit as inadmissible hearsay. Depositions are hearsay and are only admissible if the witness is unavailable under Fed. R. Evid. 804. There is no indication that this witness is unavailable. As such, this entire exhibit is inadmissible hearsay.

**Houston Investigative Report and Videos**

Fed. R. Civ. P. 26 (a)(1)(A)
Fed. R. Civ. P. 37(c)(1)
Fed. R. Evid. 403
Fed. R. Evid. 801

Defendant objects to this investigative report and videos because Plaintiffs failed to disclose any of these records or videos pursuant to Fed. R. Civ. P. 26 (a)(1)(A). This report and alleged videos are also allegedly created by the Houston Police Department. Defendant does not know for certain

because none of this evidence has ever been disclosed to Defendant. But to the extent it is created by the Houston Police Department, there is no evidence that whoever created the report is qualified to conduct the investigation or opine on the decisions of the Federal Bureau of Investigation. Therefore, this evidence would be substantially more prejudicial than probative under Fed. R. Evid. 403. This report and these videos are also inadmissible hearsay pursuant to Fed. R. Evid. 801 as they are an out of court statement being offered for the truth of the matter asserted.

**Policy Statement Use of Deadly Force**

Fed. R. Civ. P. 26 (a)(1)(A)
Fed. R. Evid. 401 and 403
Fed. R. Evid. 801

Plaintiffs have not provided Defendant with the bates numbers nor copies of their exhibits, and Plaintiffs are attempting to use undisclosed documents, and records from the Houston Police Department in this case. To the extent that Plaintiffs are attempting to use an undisclosed record, it is inadmissible pursuant to Fed. R. Civ. P. 26 (a)(1)(A), not relevant, and substantially more prejudicial than probative pursuant to Fed. R. Evid. 401 and 403, and inadmissible hearsay pursuant to Fed. R. Evid. 801.

To the extent that this record is a copy of Defendant's proposed exhibit 2, the FBI deadly force policy, Defendant has no objections.

**Expert Report of Dr. Leiher (Presumably Dr. Lehrer)**

Fed. R. Civ. P. 26 (a)(1)(A)
Fed. R. Civ. P. 37(c)(1)
Fed. R. Civ. P. 26 (a)(2)(B)
Fed. R. Evid. 801

Defendant objects to this expert report because Plaintiff failed to timely disclose it pursuant to Fed. R. Civ. P. 26 (a)(1)(A) and 26 (a)(2)(B). Additionally, this expert report is hearsay pursuant to Fed. R. Evid. 801 as it is an out of court statement being offered for the truth of the matter asserted.

Defendant reserves the right to amend these objections at a reasonable time prior to trial.

Respectfully Submitted,

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By: /s/ *Ariel N. Wiley*
   Ariel N. Wiley
   Assistant United States Attorney
   Texas Bar No. 24093366
   Federal ID No. 2554283
   1000 Louisiana, Suite 2300
   Houston, Texas 77002
   Telephone: (713) 567-9000
   Facsimile: (713) 718-3303
   Email: ariel.wiley@usdoj.gov

ATTORNEYS FOR DEFENDANT UNITED STATES

## CERTIFICATE OF SERVICE

I certify that on October 15, 2024, the foregoing pleading was filed with the Court through the Court's CM/ECF system on all parties and counsel registered with the Court CM/ECF system.

/s/ *Ariel N. Wiley*
Ariel N. Wiley
Assistant United States Attorney