IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| BROOKE PEARCE, as next friend | § | |
| of U.V., a minor, and JUSTINA | § | |
| GARCIA, | § | |
| *Plaintiff,* | § | |
| | § | Case. No. 4:18-cv-3196 |
| VS. | § | |
| | § | |
| FBI AGENT, in his individual | § | |
| capacity,, NICHOLAS CHASE | § | JURY TRIAL |
| CUNNINGHAM; SOPHIA PEREZ | § | |
| HEATH; JIMMY TONY | § | |
| SANCHEZ; DELIA DUALDINA | § | |
| VELASQUEZ | § | |
| *Defendants.* | | |

**PLAINTIFFS' SUPP. ON MSJ RESPONSE AUTHORITY**

**TO THE HONORABLE** KENNETH M. HOYT:

Plaintiffs file this supplement to their response to Defendant's Motion for Summary Judgement to provide legal authority only-no additional MSJ response evidence-and will respectfully shows the Court as follows:

I.    LIVE COMPLAINT

Among other claims Plaintiff pled that FBI Agent Doe intentionally shot Ulises Valladares as he was bound and blindfolded. See Doc. 32 at page 2, paragraph 4, page 7, paragraph 33. At page 11, paragraph 62 it is stated that:

"62. Plaintiffs sue under the Federal Tort Claims Act. Under the FTCA "[t]he United States [is] liable ... in the same manner and to the same extent as a private

individual under like circumstances" 28 U.S.C. § 2674. Federal courts have jurisdiction over such claims. 28 § 1346(b). <u>The FTCA covers intentional torts committed by "investigative or law enforcement officers", thus allowing individuals aggrieved by the actions of law enforcement officers to have their day in court</u>. See *Millbrook v. United States*, 569 U.S. 50 (2013).

Plaintiffs are allowed to plead in the alternative and Plaintiffs have clearly done so.

This case is governed by the Federal Tort Claims Act (FTCA). Federal Tort Claims Act Congress enacted the Federal Tort Claim Act, 28 U.S.C. § 1346, a waiver of sovereign immunity, and is to be construed *liberally*, and its exceptions should be read narrowly. *O'Toole v. United States*, 295 F.3d 1029, 1037 (9th Cir. 2002). The FTCA provides a limited waiver of sovereign immunity authorizing plaintiffs to bring civil lawsuits exclusively in federal court if the claim is (1) against the United States; (2) for money damages; (3) for injury to or loss of property, or personal injury or death; (4) caused by a federal employee's negligent or wrongful act or omission; (5) while acting within the scope of his or her office or employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the law of the place where the act or omission occurred. 8 U.S.C. § 1346(b).

Intentional acts or omissions of an "investigative or law enforcement officer" (such as Agent Doe and other FBI agents) including but not limited to assault, battery, false arrest, false imprisonment, abuse of process and malicious prosecution, are covered by the FTCA and may proceed. 28 U.S.C. § 2680(h); *Millbrook v. United States,* 133 S.Ct. 1441 (2013) (involving FTCA claims against Bureau of Prisons employees) [PLN, June 2013, p.28].

This "law enforcement proviso" *(Millbrook* at 50, 52 (2013) renders the United States liable for certain intentional tort claims committed by "investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h). Congress added this proviso "in 1974 in response to widespread publicity over abuse of powers by federal law enforcement officers." Gregory C. Sisk, Twilight for the Strict Construction of Waivers of Federal Sovereign Immunity, 92 N.C.L. REV. 1245, 1305 (2014). See also *Nguyen r. United States,* 556 F.3d 1244, 1255-56 (11th Cir. 2009) (discussing the law enforcement proviso's purpose and legislative history); the following torts fall within the law enforcement proviso's ambit: assault; battery; false imprisonment; false arrest; abuse of process; and malicious prosecution. 28 U.S.C. § 2680(h). To determine whether the proviso applies in any given case, the court must assess whether the alleged tortfeasor qualifies as an "investigative or law enforcement officers." Id. The FTCA defines that term to include "any officer of the United States who is empowered by law to" (1) "execute searches," (2) "seize evidence," or (3) "make arrests for violations of Federal law." Id. Clearly the FBI is law enforcement. See also discussion in *Campos u United States,* 888 F.3d 724, 737 (5th Cir. 2018), *cert. denied,* 139 S. Ct. 1317 (2019). The FTCA's requirement of course and scope is quite broad. The underlying tort need not arise while the officer is even executing searches, seizing evidence, or making arrests; so long as the officer is "act[ing] within the scope of his or her employment" at the time the tort arises, "the waiver of sovereign immunity holds." *Millbrook,* 569 U.S. at 57. To illustrate the wide breadth to course and scope the Supreme Court has held that the intentional tort exception will not necessarily bar a federal prisoner's claim "that correctional officers sexually assaulted ... him while he was in their custody." Id. at 51-57.

The elements of assault are the same in Texas civil and criminal suits. *Hall v. Sonic Drive-in, Inc.,* 177 S. W3d 636, 649 (Tex. App.—Houston [1st Dist.] 2005, no pet.); See also *Morga*n at 175 S.W3d 408, 418 (Tex. App.—Houston [1st Dist.] 2004, no pet.).


Respectfully submitted,



U. A. Lewis
The Lewis Law Group
State Bar No. 24076511
Federal Bar No. 1645666
P. O. Box 27353
Houston, TX 77227
Telephone:(713)570-6555
Facsimile:(713) 581-1017
Email: myattorneyatlaw@gmail.com


*/s/ Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:713/320-3785
FAX:713/893-6737
Email: attorneykallinen@aol.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and the foregoing document has been sent to all known counsel by e-service/ECF, first class mail, electronic mail, telecopy, hand delivery; and/or certified mail, return receipt requested on all parties of record who have made an appearance in this case on the date of this filing October 17, 2024.


/s/     *Randall L. Kallinen*

Randall L. Kallinen