IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BROOKE PEARCE, as next of friend of U.V., a minor, and JUSTINA GARCIA, | § § § § § § § § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | Civil Action No. 4:18-cv-3196 |
| FBI AGENT DOE, *in his individual capacity*, NICHOLAS CHASE CUNNINGHAM; SOPHIA PEREZ HEATH; JIMMY TONY SANCHEZ; DELIA GUALDINA VELASQUEZ; and THE UNITED STATES, | | |
| *Defendants.* | | |

**DEFENDANT UNITED STATES' RESPONSE IN OPPOSITION
TO PLAINTIFFS' BILL OF COSTS**

Pursuant to Federal Rule of Civil Procedure 54(d)(1), Defendant hereby objects to Plaintiffs' Bill of Costs, which costs were taxed on March 17, 2025. Dkt. 171. Now comes the defendant, the United States of America, by and through its counsel, submits the following response to Plaintiff's Bill of Costs.

**ARGUMENT AND AUTHORITIES**

**I.    Standard.**

Federal Rule of Civil Procedure 54(d)(1) permits the prevailing party in a trial to move for costs other than attorneys' fees. However, the Rule goes on to say that in the case of the United States, costs may be imposed only to the extent permitted by law. Recovery of costs in an action by or against the United States is statutorily authorized. See 28 U.S.C. § 2412(a)(1) and see 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2672, at 235 (2d ed.1983)

("express statutory authorization must be found before costs will be assessed against the federal government.") Moreover, only those costs specifically enumerated in 28 U.S.C. § 1920 may be awarded. Section 28 U.S.C. § 1920 specifies the items the court may tax as costs against the United States.

>They include:
>
>1. Fees of the clerk and marshal;
>2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>3. Fees and disbursements for printing and witnesses;
>4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>5. Docket fees under section 1923 of [Title 28]; [and]
>6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828.

28 U.S.C. § 1920. While a court may decline to award costs listed in the statute, it may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

## II. Plaintiffs' Alleged Costs.

### A. Civil Processing Costs.

Plaintiffs seek the costs of subpoenaing witnesses for trial. Dkt 171. Plaintiffs cannot expect to cover costs that are simply for the convenience of counsel. *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). These subpoenas were unnecessary because Plaintiffs did not call any of these witnesses for trial. Furthermore, the parties had a hearing and decided on trial dates as early as August 19, 2024. Dkt. 142. All these subpoenas are rush because they were issued too close to the trial date. Had Plaintiffs timely sent these subpoenas, they would not have had to be rushed. Given Plaintiffs' decision not to call these witnesses and the last-minute work, this Court should not grant them these costs in the amount of $1,125.00.

### B. Fees for Transcripts.

Plaintiffs also seek the fees for transcripts in this case. Dkt. 171. One of the transcripts is for FBI Agent Doe. Dkt. 171 at 7. Agent Doe was individually sued in this case and was represented by separate counsel. His deposition was never submitted at trial in this case. Thus, any costs associated with his deposition should not be placed on to the United States. As such, the Court should deny $745.21 for the cost of Agent Doe's deposition. Dkt. 171 at 7.

### C. Fees for Interpreters.

Finally, Plaintiffs are seeking the costs of the interpreters hired; two interpreters were hired for three days of trial. Dkt. 171 at 6. Only one Plaintiff, Justina Garcia, needed an interpreter. Ulysses Valladares is fluent in English, and did not use an interpreter during the trial. Like the service process, this was not a necessity, but rather a convenience. Therefore, Defendant should not be charged for two interpreters. Furthermore, there is an expense for three days of parking which is not a cost permitted in the statute. Therefore, the Court should deny $2,304.00 of these costs.

## CONCLUSION

For these reasons the Court should remove $4,174.21 from the bill of costs and should not award more than the remaining $3,903.96 in costs.

Respectfully Submitted,

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By: /s/ *Ariel N. Wiley*
　　Ariel N. Wiley
　　Assistant United States Attorney
　　Texas Bar No. 24093366
　　Federal ID No. 2554283
　　1000 Louisiana, Suite 2300
　　Houston, Texas 77002
　　Telephone: (713) 567-9000
　　Facsimile: (713) 718-3303
　　Email: ariel.wiley@usdoj.gov

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on March 24, 2025, the foregoing pleading was filed with the Court through the Court's CM/ECF system on all parties and counsel registered with the Court CM/ECF system.

/s/ *Ariel N. Wiley*
Ariel N. Wiley
Assistant United States Attorney